## SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

### SOMERSET.

### *JUNE TERM,*

### 1825.

---

### ARCHER *vs.* NOBLE & ALS.

If a constable, having given bond for the faithful performance of his duties and trust as to all processes by him served or executed, seize the goods of A. under an execution against B, it is not merely a private trespass, but is a breach of his bond.

THIS was an action of debt on a bond given by the defendant *Noble*, and his sureties, to the town treasurer, conditioned for the faithful performance of his duties and trust as to all processes by him served or executed, in his office of constable of the town.

The defendants put in a general plea of performance of the condition; to which the plaintiff replied that *Noble*, having in his hands a writ of execution issued in due form of law against one *Pishon* by some court or magistrate of competent authority, and in favor of some creditor, to the plaintiff unknown, did, under pretence of his office of constable, and under pretence of executing said writ, but without right, with force and arms seize and carry away the property of *William Richards*, for whose use and benefit this action was brought, and who for that injury had recovered a judgment against *Noble* which was yet unsatisfied, &c. To this replication the defendants demurred, assigning for causes, that it did not appear therein from what court or in favor of what creditor the writ of execution was issued; nor that the seizure of the goods was in violation of his duty as to any process to him deliv-

Archer *v.* Noble & al.

ered for service as constable ; nor that *Richards* had indorsed the writ in this action, so as to entitle himself to the benefit of any judgment to be rendered thereon ; and that it was too general and uncertain.

*Sprague,* for the plaintiff.

*Boutelle,* for the defendants.

MELLEN C. J. delivered the opinion of the Court.

The pleadings in this case present only one question of any importance ; and that is whether a sufficient breach of the condition of the bond is assigned in the replication. We do not perceive any valid objections against it as to form. The trespass as alleged was a violation of official duty and trust as to the process named. Nor do we think that the omission to set forth the name of the creditor in the execution against *Pishon,* or of the court from which it issued, is a circumstance deserving of much consideration. These facts were unknown to the plaintiff; but the demurrer admits the execution was issued from a court of competent jurisdiction. Neither do we consider the want of the indorsement of the name of *William Richards* on the writ as affording an objection to the action in the present stage of it. Advantage should have been taken of this at the first term, on motion, or by plea in abatement ; and we must now consider the objection as waived. 2 *Mass.* 102. 5 *Mass.* 97. No injury is done to either party by this omission ; because the replication states that this action was commenced, and is prosecuted, for the use and benefit of *William Richards* ; and therefore judgment may be properly made up, as well by looking at the replication to ascertain the name of the real plaintiff in interest, as though that name was indorsed on the writ, as it is contended it should have been. The inquiry then is as to the sufficiency of the breach assigned. By our statutes, a coroner must give bond " for the " faithful performance of the duties of his office." A sheriff must give bond " for the faithful performance of the duties of his " office, and to answer for the neglects and misdoings of his dep- " uties." And a constable must give bond " for the faithful per- " formance of his duties and trust as to all processes by him serv- ed or executed."

Archer v. Noble & al.

The law is perfectly settled that a principal is answerable for the wrongful acts of his deputy, while acting under color of his office, and in the pretended discharge of his duty. *Grennell v. Phillips* 1 *Mass.* 530. *Bond v. Ward* 7 *Mass.* 123. *Marshal v. Hosmer* 4 *Mass.* 60. *Theobald v. Crichmere* 1 *Barnw. & Ald.* 227. In all these cases the principal is answerable for his deputy, because the acts complained of were so done.

If the present action was against the sheriff of this county, and the trespass which was committed by the defendant *Noble*, in taking away and converting to his own use the property of the plaintiff, had been committed by him as a deputy of the sheriff and under color of his office as such; it is very clear the action could be maintained. To this point the case of *Ackworth v. Kempe* 1 *Dougl.* 40, is a direct authority. It was there decided that if, on a *fieri facias* against A, a bailiff takes the goods of B, trespass lies against the sheriff; because such conduct of the bailiff was a misfeasance, under color of office, and pretence of authority. And indeed, independent of authority, it seems clear that a third person, as B was in the above cited case, may maintain an action for such an official injury, as well as either of the parties to the original process. In both cases a wrong is committed under color of office and authority; to guard against the abuse of which, the principle of law above stated is established, and bonds by law are required. Now, as *Noble*, the constable, and his sureties, were bound for his faithful performance of the duties of his office, the condition of the bond must be construed to embrace all those instances of malfeasance, misfeasance and nonfeasance, in the execution of his office, which would subject a principal to responsibility for similar wrongful acts of his deputy; and we have seen how far this responsibility extends. The statute expressly gives to all persons, suffering by the defaults and misdoings of a constable, the same remedies on his bond as on sheriffs' bonds, *mutatis mutandis*. On the whole, we are not able to perceive any merits in the defence. Our opinion is, and we accordingly adjudge, that the replication is good and sufficient in law; and judgment must be entered for the amount of the penalty of the bond declared on.