MARY HOPKINS *vs.* PETER P. SWENSEN and others.

July 18, 1889.

Estoppel—Omission to Assert Title to Property at Time of Levy.—
In an action against a sheriff for levying on plaintiff's personal property
under an execution against another person, the plaintiff being present at
the time the sheriff took the goods, a charge to the jury that, to entitle
plaintiff to a verdict, she must prove, not only that the goods were hers,
but "that at the time they were taken she asserted her title thereto," *held*
error, because it omits the essential element of an estoppel, that the
sheriff was influenced by her silence.

Plaintiff brought this action in the district court for Hennepin
county, to recover $2,886.34 as compensatory and punitive damages
for the alleged wrongful acts of defendants in taking and converting
goods of the value of $136.84, part of her retail stock of groceries,
and taking and for two days holding possession of her store, thereby
injuring her credit and the good-will of her business. At the trial,
before *Hicks*, J., the defendants had a verdict. The plaintiff appeals
from an order refusing a new trial.

*J. D. Springer, F. D. Larrabee,* and *H. S. Abbott,* for appellant. '
*Miller, Young & Akers,* for respondents.

GILFILLAN, C. J. Action for taking and converting certain goods,
being part of a stock in a grocery store. The defence is that the
stock (including those taken) belonged to plaintiff's husband, and
that the taking was by a levy by Swensen, who was sheriff of the
county, under an execution upon a judgment in this court for costs
in favor of Stewart, one of these defendants, and another, against
plaintiff's husband, entered July 20, 1888. The levy was made Au-
gust 17, 1888. The controversy at the trial was as to who owned the
goods, the plaintiff or her husband. She claimed them under a bill
of sale by her husband to her, dated July 6, 1888. There was much
evidence as to the genuineness and good faith of the bill of sale, and
that was a fair question for the jury. The evidence hardly showed a
change of possession such as is contemplated by Gen. St. 1878, *c.* 41,
§ 15; so that, although the judgment was not rendered till after the-

date of the bill of sale, the judgment creditors were to be deemed creditors, within the meaning of that section and section 16, — see *Murch* v. *Swensen*, 40 Minn. 421, (42 N. W. Rep. 290,)—and the *onus* of proving that the sale was made in good faith, and without any intent to hinder, delay, or defraud creditors, was on the plaintiff. The court instructed the jury that "it is the duty of the plaintiff, before you can give her a verdict, to prove, by a fair preponderance of the evidence,—that is, her evidence must fairly outweigh that given by the defendants,—that at the time the goods were taken these goods were hers, and that at the time they were taken she asserted her title thereto." The latter part of this instruction must, of course, have been based on the doctrine of estoppel, and have been intended to define what for this case would constitute an estoppel. But it is wanting in one essential element of an estoppel, to wit, that the sheriff was induced, by her failure to assert her title, to make the levy,—to do what he would not have done had she asserted it. In another part of the charge the court stated: "If she had an opportunity to state to the sheriff that the goods were hers, and did not so state,— if she remained silent,—she thereby influenced the action of the officer, so that he was encouraged to levy by reason of such silence or statements; she is estopped now from asserting title, and cannot recover." This is as objectionable as the other, for, though it includes as necessary to the estoppel that the officer was influenced by plaintiff's silence, it does not leave that as a question of fact to the jury. As there was evidence that plaintiff forbade the levy, and that her husband told the officer that the property was hers, the jury might, had it been left to them, have found that her silence as to her title had no effect on the action of the officer, and in that case, of course, there could have been no estoppel. For this error in the charge the order must be reversed.