BISHOP, Appellant, vs. McGILLIS, imp., Respondent.

*November 17 — December 15, 1891.*

*Limitation of actions: Sheriff: Acts done "in virtue of his office."*

The seizure by a sheriff, under an attachment or execution, of property of a stranger to the writ, is an act done *in virtue of his office*, within the meaning of sec. 4223, R. S. (which limits the time for bringing an action upon the liability incurred by the doing of such an act).

Bishop vs. McGillis.

APPEAL from the Circuit Court for *Marinette* County.

The action was commenced October 14, 1890. The complaint alleges that on October 25, 1884, the plaintiff was the owner and in possession of a stock of general merchandise and a large quantity of office furniture, of the value of $7,500, and that on said day "the defendants wrongfully and forcibly took and carried away from the possession of the plaintiff all of the said property, and converted the same to their own use," to the plaintiff's damage $10,000. For a second cause of action the complaint alleges that on January 3, 1885, the plaintiff was the owner and in possession of the above-mentioned property, and that on said day "the defendants wrongfully and forcibly took, carried away, and converted to their own use all of said property," to the plaintiff's damage $10,000. Judgment is demanded for $10,000 damages, and the costs. It is understood that October 25, 1884, and January 3, 1885, were the dates, respectively, of the seizure and the sale of the property under writs of attachment and execution levied thereon by the defendant *McGillis*, as sheriff.

The answer of the defendant *McGillis*, among other things, as a defense to each cause of action, alleges that any liability incurred by said defendant in making said levy and sale was incurred in doing acts in his official capacity by virtue of his office of sheriff; that the cause of action therefor accrued more than three years before the commencement of this action; and that the said defendant would rely upon sec. 4223, R. S., as a bar to the action. From an order overruling a demurrer to said defense the plaintiff appealed.

For the appellant there was a brief by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*. They contended, *inter alia*, that the territorial statutes of 1839 (p. 261, sec. 18) contain the limitation in favor of sheriffs against actions "upon any liability incurred by them by the

doing of an act in their official capacity, or by the omission of any official duty," etc. This statute was copied from the New York statute then in force, and which previous to that time had received a construction by the supreme court of that state in *Morris v. Van Voast*, 19 Wend. 283. The courts of this state are bound by the construction there given; and the binding effect of such construction is not affected by the fact that the same court may have subsequently construed the statute differently. *Daniels v. Clegg*, 28 Mich. 32. The doctrine of *Morris v. Van Voast, supra*, was affirmed in 1843 in *Ex parte Reed*, 4 Hill, 572, and remained the settled doctrine in New York until the decision of *People v. Schuyler*, 4 N. Y. 173, by a divided court in 1850, after the enactment of our revision of 1849. In our next revision (R. S. of 1858) our statute was changed by adding the words " and in virtue of his office," in order that there might be no mistake as to the purpose of the legislature to retain the statute with the construction it had received in *Morris v. Van Voast*.

As to what acts of a sheriff are included within those done " in virtue of his office," and that a trespass against the property of a stranger to the process is not an " act in his official capacity," they cited, besides cases referred to in the opinion, *Coupey v. Henley*, 2 Esp. 540; *Alcock v. Andrews*, id. 542; *Herring v. Hoppock*, 3 Duer, 20; *S. C.* 15 N. Y. 409.

For the respondent there was a brief by *E. C. Eastman* and *Greene & Vroman*, and oral argument by *Mr. East-man*.

ORTON, J. The appellant sues in replevin for a stock of goods unlawfully taken and detained by the respondent. The respondent justifies the taking by the service thereon of several writs of attachment and execution, as sheriff, in cases in favor of several plaintiffs against one Armstrong

Bishop vs. McGillis.

as the owner of the goods, and pleads also the three-years statute of limitations according to sec. 4223, R. S., in bar of the action. The appellant's demurrer to such answer in bar was overruled, and this appeal is from said order.

The only question, therefore, is whether the respondent can make said statute available in bar of this action by the appellant as a stranger to the attachments and executions claiming the ownership of the goods. The learned circuit court decided correctly that said statute is applicable to such a case, and overruled the demurrer. The statute reads as follows: "Within three years: An action against a sheriff, coroner, town clerk, or constable, upon a liability incurred by the doing of an act in his official capacity and *in virtue of his office*, or by the omission of an official duty, including the nonpayment of money collected upon execution. But this section shall not apply to an action for an escape." Was the taking of these goods, by the respondent as sheriff, upon the attachments and executions, *in virtue of his office?* I have made these words emphatic, because the question depends solely on their true meaning.

This court, by the opinion of the present chief justice in *Gerber v. Ackley*, 37 Wis. 43, defined these words as "acts done *within the authority* of the officer, but in doing them he exercises that authority improperly, or abuses the confidence which the law reposes in him." Acts *colore officii* are defined in the same opinion as "where they are of such a nature that *his office gives him no authority to do them.*" It is foreign and confusing to the question to define acts *colore officii*. Acts *virtute officii* only are protected by the statute. We might as well define acts which are of neither class. It is sufficient if we determine what acts are within the statute. In the above case the plaintiff had sued the city marshal for the taking of certain property, and the defendant attempted to justify the taking, but averred only that he took the property "by virtue of an alleged writ of

replevin." *Gerber v. Ackley*, 32 Wis. 233. The plaintiff recovered judgment. The above action is on the marshal's official bond, and against the defendant as surety thereon, and the case depended upon whether the marshal acted with authority, or *virtute officii*, when he took the property. It was held that the marshal did not show that he acted under authority, because he did not allege that he had any writ, but only that he took the property by virtue of an *alleged* writ, in effect holding that, if he had alleged that he acted under an actual writ, it would have been by virtue .of his office, and the surety would have been liable. This distinction affords more aid in defining *virtute officii* than the above definition, for here it has application. It is acting as an officer under a valid writ. But the case of *State ex rel. Blincbury v. Mann*, 21 Wis. 684, is authority in point. This was an application for a peremptory writ of *mandamus* to compel the circuit judge to grant leave to the plaintiff to bring suit on the official bond of the sheriff. The *mandamus* was refused on the sole ground that the affidavit of the relator failed to state a case in which the sheriff was liable for acts done by virtue of his office. The affidavit stated in substance that, while acting as such sheriff, having a warrant of attachment against the property of A., he seized and carried away the property of B., and failed to state that he did so *under and by virtue of the writ of attachment*. If he had so stated, this court held that for a *trespass* thus committed the sureties on the official bond would be liable, because committed by virtue of his office. This was the exact question here presented. The writs of attachment and execution were levied upon the property of the plaintiff instead of that of the defendant therein, and hence this suit. The case of *People v. Schuyler*, 4 N. Y. 173, is cited in the opinion as the authority followed. That case was an action on the bond of the sheriff by the claimant of the property attached, and presented the same question.

The case of *Taylor v. Parker*, 43 Wis. 78, is not in conflict with these decisions, for in that case the action was for the breach of the condition of the bond for not paying over money collected by the sale of the plaintiff's property; and the case was governed by the strict condition of the bond. The above cases are not referred to as being overruled by or in conflict with the above cases.

In *Cummings v. Brown*, 43 N. Y. 514, the decision in *People v. Schuyler*, 4 N. Y. 173, was approved, and this case presented the same question. The ninety-third section of the Code contains the same provision of our statute of limitation as to such cases. *Coddington v. Carnley*, 2 Hilt. 528, is to the same effect. In *Charles v. Haskins*, 11 Iowa, 329, it is held that the sureties on the official bond of the sheriff are liable for his having levied the attachment on the property of the plaintiff, a stranger to the writ, on precisely the same ground; and the same is held in *Van Pelt v. Littler*, 14 Cal. 194, in a suit on a constable's bond by a stranger to the writ for such a trespass; and the same in *Horan v. People*, 10 Ill. App. 21. In *Daniel v. Wilson*, 5 Term R. 1, an excise officer, in pursuit of smugglers, arrested an innocent third person. The question was whether the one month notice ought to be given before suit, as in cases where the act was done "*in the execution of his office.*" It was held to be within the statute. In *Weller v. Toke*, 9 East, 364, one magistrate committed the plaintiff to custody for not filiating his bastard child, upon a summons to appear before himself, when the law required two magistrates to act in such a case. It was held that he acted by virtue of his office, because he had authority to act in such a case, although he could not act alone, and was entitled to notice before suit. It is held in *Turner v. Sisson*, 137 Mass. 191, that a constable seizing the goods of one, on a writ against another, was acting officially *by virtue* and under color of his office. In *Norris v. Mersereau*, 74 Mich. 687,—a similar case,—the holding was the

same. In *Lammon v. Feusier*, 111 U. S. 17, it was held that when a marshal levied a writ of attachment on the goods of the defendant or of a stranger it was "an official act." In *Seeley v. Birdsall*, 15 Johns. 267, it is held that an action against a sheriff for a false return is within the statute that makes actions against any sheriff for "anything done by him by *virtue of his office*," *local* to the county where the act was committed.

In *Kendall v. Aleshire*, 28 Neb. 707, the sheriff had a warrant for the arrest of the plaintiff in Nebraska. The plaintiff was in Kansas, and the sheriff represented to him that he had an extradition warrant for his arrest, and he submitted to such arrest and returned with the sheriff to Nebraska. It was held that the sheriff had a warrant for his arrest in Nebraska, but that he had no right to arrest the plaintiff on it there, as he had fraudulently induced him to return to that state; and that the act of the sheriff in so wrongfully arresting the plaintiff in that state was *virtute officii*, and for it the sureties on his bond were liable. This case illustrates the principle of an official act by virtue of the office, in application to this case, very clearly. The sheriff had a warrant and authority to make the arrest, but for certain reasons *in pais* had no right to make the arrest upon it as he did. In this case the sheriff had lawful writs of attachment and execution, but had no right to seize the property of the plaintiff on them.

In *Parton v. Williams*, 3 Barn. & Ald. 330, the constable, with a warrant to take the goods of A., took those of B., and it was held that he acted by virtue of his office, and was protected by a similar statute of six months. In *Theobald v. Crichmore*, 1 Barn. & Ald. 227, a constable, having a warrant of distress against the plaintiff, unlawfully broke and entered his dwelling-house. It was held that he was acting in pursuance of his authority, but exceeded it, and that the act was *virtute officii*, and protected by the six

months statute of limitation. In *Smith v. Wiltshire*, 2 Brod. & B. 619, a constable, with a warrant to search for black cloth, took cloth of other colors. It was held that he acted under authority, but abused it, and was entitled to the protection of the six months statute of limitation. The cases of *Archer v. Noble*, 3 Me. 418, and *Harris v. Hanson*, 11 Me. 241, follow *People v. Schuyler*, 4 N. Y. 173. *Carmack v. Comm.* 5 Bin. 184; *Forsythe v. Ellis*, 4 J. J. Marsh. 299; and *Comm. v. Stockton*, 5 T. B. Mon. 192,— are similar cases.

In the above cases against the sureties on the bond of the sheriff or constable, the conditions of the bond were such that the principle is precisely the same as in this case, and the liability of the sureties and the statute of limitations rest upon the same ground. Such cases are, therefore, in point. The above cases in other states are cited to strengthen, if they need it, the above decisions of this court clearly in point.

The learned counsel of the appellant may have cited some cases in point the other way, but most of them have application only by loose and general language in defining the terms *colore* and *virtute officii*, when the facts are neither parallel nor analogous. *People ex rel. Comstock v. Lucas*, 93 N. Y. 585, is like *Taylor v. Parker*, 43 Wis. 78, and depended upon the conditions of the bond. In *Morris v. Van Voast*, 19 Wend. 283, the sheriff was sued in trespass for taking the property of the plaintiff on a writ of replevin against him, and the sheriff pleaded this statute of limitations. The court held that he acted *colore officii* only, because there was no bond given with the writ, and therefore he had no authority to take the property. It follows from the decision that, if the bond had been given, the act would have been *virtute officii*. *Ohio v. Jennings*, 4 Ohio St. 418, supports the doctrine contended for by the learned counsel of the respondent. It is held that the sureties on the sher-

iff's bond are liable for his taking the goods of A. on the writ against B. To be so liable the act must have been *virtute officii*. It may be called "*colorable*" authority in the opinion, but it clearly means "official" authority, as the decision shows. In *Lowell v. Parker*, 10 Met. 309, the sheriff took the goods of a stranger on *mesne* process. He was held liable on his bond, because it was a breach of his *official duty*, but it is carelessly said that he took the goods *colore officii*. *State v. Conover*, 28 N. J. Law, 224, is a case in point that the sureties of the sheriff are not liable for his taking the property of a stranger to the writ. But that case was so decided because the court was unwilling to adopt the principle and reasoning of the great number of cases cited in the opinion as the other way. That court seems to have been able to find but very few cases claimed to be in point to sustain the opinion.

It seems to me that this principle is sustained by reason as well as by great preponderance of authority. It is impossible to find any case that would be protected by the statute of limitations if this is not. The statute could have no application or force on any other principle. If the sheriff had full and lawful authority, and executed that authority properly, then he would not be liable; and he needs no statute of limitation. The sheriff has lawful process and executes it, and makes his return, and it becomes a record. These are all within his lawful authority. He may be liable for an abuse of his authority or oppression, for arresting the wrong person or taking the property of a stranger, or for making a false return. If the sheriff is not liable for these consequences of the execution of his lawful authority, he is not liable at all. The respondent here held valid writs of attachment and execution against the property of Armstrong. He executed the writs by taking the property as the property of Armstrong. In doing so he performed his official duty, and according to the forms of law. He

did this by virtue of his office. If he found the property in the undisputed possession of the defendant, or if the plaintiff has indemnified him for taking it, it is his duty to take it. He has discharged his whole official duty according to law, and yet he is liable for taking the property of a stranger as the real owner. It would seem that the statute was made for just such a case. The sheriff has a writ for John Doe, and he arrests John Doe, but not the person complained of, but another person of the same name, who sues him for false imprisonment. May he not have the protection of this statute of limitations? Why not? And yet he cannot, unless he acted by virtue of his office. How can he act by virtue of his office and yet be liable so as to need the protection of the statute? He has no right to levy upon the property of a stranger. Neither has he the right to abuse his process, or oppress or arrest the wrong person, or make a false return. These are all the wrong and unauthorized acts he can do while executing lawful authority, by which he will incur any liability; and they are of the same nature and character, and they all clearly come within the statute. The statute of limitations was properly pleaded, and the demurrer properly overruled.

*By the Court.*— The order of the circuit court is affirmed.