DISHNEAU, Respondent, vs. NEWTON and others, Appellants.

*September 30 — October 22, 1895.*

*Official bond of sheriff: Action after his death for breach: Parties: Wrong-
ful seizure under writ: Demand: Pleading.*

1. For the wrongful act of a deputy sheriff in levying an attachment
   upon the property of a stranger to the writ, an action upon the
   sheriff's official bond may be brought, after his death, against the
   sureties on the bond, without joining his personal representatives.
2. No demand for the return of the property is necessary before begin-
   ning such action.
3. A complaint in such action, alleging that the writ of attachment
   was duly issued and was delivered to and received by the deputy
   to be executed, and that while acting as deputy sheriff, in the pre-
   tended exercise of his duty under such writ, he seized the plaint-
   iff's property, is *held* to allege with sufficient definiteness that the
   officer in his official capacity, acting under the writ, seized the
   property in question. *Gerber v. Ackley*, 37 Wis. 43; *Gerber v. Ack-
   ley*, 32 Wis. 233; and *State ex rel. Blinebury v. Mann*, 21 Wis. 684,
   distinguished.

APPEAL from an order of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the
complaint. The facts will sufficiently appear in the opinion.

The cause was submitted for the appellants on the brief
of *H. H. Grace*, attorney, and *Phil. H. Perkins*, of counsel
for the appellant *Zachau*, and for the respondent on that of
*Murphy & Bundy.*

For the appellants it was contended, *inter alia,* that the
complaint does not allege that the sheriff or his deputy had
any knowledge that plaintiff owned or claimed to own the
property, and fails to allege a demand made by plaintiff on
the sheriff or his sureties, and demand is necessary. *Nay v.
Crook,* 1 Pin. 546; *Franklin v. Kirby,* 25 Wis. 498; *Iowa
Co. v. Vivian,* 31 id. 217; *Carrington v. Bayley,* 43 id. 507;
*Vose & Co. v. Stickney,* 8 Minn. 75; *Osborn v. Bell,* 5 Denio,

370. The sheriff is dead, and the mere taking of said property would not render his estate liable unless the estate in his hands was benefited by the tort. *Cravath v. Plympton*, 13 Mass. 454; *People v. Gibbs*, 9 Wend. 29; *Osborn v. Bell*, 5 Denio, 370; *S. C.* 49 Am. Dec. 275; *Hambly v. Trott*, 1 Cowp. 372; *Wilbur v. Gilmore*, 21 Pick. 252; *Powell v. Rees*, 7 Adol. & El. 426; *Foster v. Stewart*, 3 Maule & S. 191. At common law an action for trespass, trover, and conversion dies with the person. 3 Chitty, Bl. 302; *Woodward v. C. & N. W. R. Co.* 23 Wis. 400; *Cravath v. Plympton,* 13 Mass. 454; *Osborn v. Bell*, 5 Denio, 370. When the principal cause of action fails, security must also fail, and a sheriff's bond is simply a security collateral to the cause of action. If the cause of action against the sheriff is gone, then no action could be maintained against the sureties. *Ryus v. Gruble*, 31 Kan. 767; *Auchampaugh v. Schmidt*, 70 Iowa, 642; *State v. Blake*, 2 Ohio St. 147; *State v. Conway*, 18 Ohio, 234; *Dawes v. Shed*, 15 Mass. 6; *Welfare v. Thompson*, 83 N. C. 276; *Mount v. Lakeman*, 21 Ohio St. 643; *Bishop v. McGillis*, 82 Wis. 120

MARSHALL, J. This is an action against the sureties on a sheriff's bond. The pleader intended to set out a cause of action for a breach of the bond in that the sheriff's deputy, under and by virtue of a writ of attachment duly issued out of the circuit court in and for Douglas county against the property of Edward Dishneau and A. H. Thompson, and placed in his hands to execute, levied upon and took six horses belonging to plaintiff, of the value of $1,000, and converted the same to his own use. The complaint alleges that the sheriff died subsequent to the alleged conversion. Defendants demurred to the complaint on the ground of a defect of parties defendant, in that the administrator of the estate of the deceased sheriff was not joined as a defendant.

Sec. 721, R. S., provides that " every sheriff shall be respon-

sible for every misconduct or default in office of his under-sheriff, jailer and deputies during the term of his office, and after the death, resignation or removal from office of such sheriff, as well as before; and an action for such default or misconduct may be prosecuted against such sheriff and his sureties on his official bond, or against the executors and administrators of such sheriff." Under this section the sheriff and his bondsmen are liable for the wrongful act of his deputy in levying on the property of the plaintiff under the writ of attachment against the property of others (*Sprague v. Brown*, 40 Wis. 612; *Bishop v. McGillis*, 80 Wis. 575), and after death as well as before. An action lies against the sheriff and such bondsmen during the former's life-time, and after his death against his executor or administrator. But independent of the statute, in the case of such misconduct on the part of the sheriff's deputy, the principal is liable (*Cotton v. Marsh*, 3 Wis. 221; Watson, Sheriff, 27; *Saunderson v. Baker*, 3 Wils. 309; Murfree, Sheriffs, §§ 20, 59a); and, to the extent of the penalty in the bond, the liability of the sheriff's sureties for such official misconduct is coextensive with the liability of the principal, and, in case of the death of the principal, the law in regard to the bringing of actions against surviving joint obligors applies. *Sherman v. Kreul*, 42 Wis. 33; *Voorhis v. Childs' Ex'r*, 17 N. Y. 354; *Pope v. Cole*, 55 N. Y. 124. The objection that there is a defect of parties defendant is not well taken.

Objection is taken to the complaint that it does not state facts sufficient to constitute a cause of action, in that no demand for a return of the property is alleged. No such demand was necessary. The sheriff and his deputies, in seizing property, must know that the property taken belongs to the person named in the writ, and, if the property of another is seized as that of such a person, such other is not required to give notice to the officer and make demand for its return before suing for its recovery, but may sue at once for the

illegal seizure. *Macias v. Lorio*, 41 La. Ann. 300; *Hopkins v. Swensen*, 41 Minn. 292; *Vaughn v. Fisher*, 32 Mo. App. 29; *Hanchett v. Williams*, 24 Ill. App. 56.

Further objection is taken to the complaint that it does not state facts sufficient to constitute a cause of action, in that it does not distinctly show that the officer, in taking plaintiff's property, acted under the writ. The language of the complaint in that regard, after alleging the issuance of the writ and the placing of the same in the hands of the deputy to be executed, is as follows: "That thereafter, on the 15th day of November, 1892, said Henry Berthiaume, while acting as such deputy sheriff, and while in the pretended exercise of his duty as such officer, and while pretending to act by virtue of the aforesaid writ of attachment, did wrongfully and without the consent of this plaintiff seize upon and carry away and convert six horses, being then and there the property of this plaintiff, and of the value of one thousand dollars ($1,000), to the damage of the plaintiff in the sum of one thousand dollars ($1,000)."

The learned counsel's treatment of this clause of the complaint is rather hypercritical, and not sustained by *Gerber v. Ackley*, 37 Wis. 43; *Gerber v. Ackley*, 32 Wis. 233; or *State ex rel. Blinebury v. Mann*, 21 Wis. 684,— cited in support of the same. In the first case the words of the insufficient allegation are: "Claiming to have a writ of replevin, duly issued by the justice, and took from the lawful possession of plaintiff certain personal property, claiming to act under and by virtue of such writ." In the second case the insufficient allegation is, "The said Ludington took the property as such village marshal under and by virtue of an alleged writ of replevin issued," etc.; and in the last case the language is, "The sheriff, while acting as such, having the execution against Goodrich, seized and carried away the property of Blinebury." Held in each case that the complaint did not state with sufficient certainty that the officer, while acting

in his official capacity, seized the property under and by virtue of the writ. Probably the court in these cases tested the allegations under consideration by a degree of certainty. quite as rigid as a fair construction of the language under the rules of good pleading and the statutes on the subject will justify. To hold with the appellants in this case would require us to go much further.

All that is required is that the pleader state the facts with such clearness that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegation, and by the court who is to give the judgment; in short, make "a plain and concise statement of the facts constituting the cause of action." The technical nicety of statement required to come up to the standard of certainty, "to a certain intent, in every particular," is not required.

The complaint distinctly alleges that a writ of attachment was issued out of the circuit court and against the property of Edward Dishneau and A. H. Thompson; that it was delivered to and received by the deputy sheriff to be executed; that while acting as deputy sheriff, in the pretended exercise of his duty under such writ, he seized plaintiff's property. This with sufficient definiteness alleges as a fact that the officer in his official capacity, acting under the writ, seized the property in question. The language used will not admit of any other reasonable construction.

The foregoing covers all the questions requiring consideration on the appeal.

*By the Court.*— The order appealed from is affirmed, and the cause remanded for further proceedings according to law.