GUERNSEY v. TUTHILL *et al.*

1. An action on a sheriff's bond may be brought in the name of the real party in interst, in his individual capacity.

2. It was not error, on the ground of proving the contents of a written instrument by parol testimony, to permit a deputy sheriff to answer the question whether he had a writ of some kind or other when he seized certain property.

3. Where deputy sheriffs had seized property in a claim and delivery action, and the clerk of the court testified that there were no papers on file in the action, copies of the papers served on defendant were admissible, and were *prima facie* proof of the existence of the originals, and that the officers were acting thereunder when they made the seizure.

4. The judge of a circuit court has power to administer oaths, though such power is not vested in him by statute.

5. The fact that the appointment of a deputy sheriff was signed by the sheriff as an individual, and not as sheriff, did not invalidate the appointment, where it was otherwise in due form, and was filed with the county auditor.

6. Where a sheriff failed to comply with Comp. Laws, § 4983, requiring the return in claim and delivery to be made within 20 days after seizure of the property, it was not neccessary for plaintiff in an action to recover property wrongfully seized to allege or prove that he had served on the sheriff the affidavit and notice of his claim required by Comp. Laws, § 4982.

7. Where a complaint against a sheriff's sureties for the wrongful seizure of property would have been sufficient as to the sheriff, as regards demand and notice, it was sufficient as to his sureties.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOS-EPH W. JONES, Judge.

Action by O. E. Guernsey against John W. Tuthill and others on an official bond. There was judgment for plaintiff, and defendants appeal from an order denying a new trial. Affirmed.

*Bailey & Vorhees* and *Aikens & Judge,* for appellants.

A judge of a circuit court has no power to administer oaths. Comp. Laws § 487.

Under the statutes of this state an individual cannot bring suit upon a bond given by a sheriff which runs to the county. Comp. Laws § 1373; Murfree Official Bonds §§ 475; 481; Cormichael v. Moore 88 N. C. 39; People v. Norton, 9 N. Y. 176.

Under the evidence in this case the acts complained of were done *colore officii* and not *virtute officii* and appellants as sureties on the sheriff's bond are not liable. Gerber v. Ackley 37 Wis. 43; People v. Schuyler, 4 N. Y. 173; Seeley v. Birdsall, 15 Johns 267; Alcock v. Andrews, 2 Esp. 540 n; Morris v. Van Voast, 19 Wend. 283; Griffith v. Smith, 22 Wis. 646; 22 Am. & Eng. Enc. of Laws, p. 555.

Under the pleadings in this case respondent cannot recover as there can be no conversion of property held by a sheriff in claim and delivery until after demand therefor has been made. Kelley v. Scannell, 12 Cal. 73; Welter v. Jacobson, 73 N. W. 65.

*A. B. Kittredge* and *Robertson & Dougherty,* for respondent.

A judge of the circuit court has the inherent right and power by virtue of his office to administer oaths. U. S. v. Ambrose, 2 Fed. Rep., 556; U. S. v. Garcelon, 82 Fed, 614; Baker v. State, 23 S. E. 829; Sikes v. State, 31 S. E. 567.

The acts complained of were done *virtute officii,* and appellants are liable. Hursey v. Morty, 63 N. W. 1090; People v. Merserean, 42 N. W. 153; Bank v. Rutledge, 84 Fed. 400.

In conversion no demand is necessary. Rosum v. Hodges, 1 S. D. 308; Dishuran v. Newton, 91 Wis. 199; Cooley on Torts 452; Manning v. Kinman, 73 N. Y. 45.

CORSON, J. This is an action against the sureties of Chelsea W. Hubbard, as sheriff of Minnehaha county, on his official bond. A verdict was rendered in favor of the plaintiff, and from the order overruling the motion for a new trial the defendants appeal to this court. It was conceded that Chelsea W. Hubbard was the duly-elected sheriff of Minnehaha county; that the defendants were sureties upon his official bond; that the bond was in the usual form, executed to the county of Minnehaha, and was duly approved by the county commissioners of said county, and properly recorded. The appellants ask for a reversal of the order upon five grounds: (1) For the reason that an individual cannot maintain an action upon a sheriff's bond in his individual capacity; (2) for the reason that under the evidence in this case the acts complained of were done *colore officii,* and not *virtute officii,* and the appellants are there fore not liable; (3) for the reason that the court erred in admitting the evidence of the witness Crisp, to whom the oath as a witness was administered by the circuit judge, such judge not being authorized by statute to administer an oath; (4) for the reason that the court erred in allowing the alleged appointment of Tufts, by whom the property was actually taken, as a deputy sheriff, to be introduced in evidence; (5) for the reason that no demand was made upon the sheriff for the reurn of the property before the commencement of the action.

The first ground relied upon is disposed of by this court in Hollister v. Hubbard, 11 S. D. 461, 78 N. W. 949, in which this court held that an action upon a sheriff's bond may be brought in the name of the real party in interest.

In support of the second ground, appellants contend that there was no evidence showing that Galbraith and Tufts, the

two persons who claimed to be acting as deputies of the sheriff in taking the property, had in their possession at the time any legal process under which they were acting. The evidence upon this point is that Swan Person, who was defendant in an action of the Plano Manufacturing Company against Swan Person and J. A. Cooley, in which the property is alleged to have been taken, received from one of the deputy sheriffs papers purporting to be copies of a summons, affidavit, and notice in claim and delivery and undertaking in the action aforesaid. These papers, Person testifies, he delivered to his attorney, Henry Robertson, and Robertson corroborates this statement. Galbraith, deputy sheriff, testifies: "We took some grain on the O. E. Guernsey farm. Swan Person was living on that farm at that time. I could not remember how much grain was taken Papers were served upon Mr. Person that day by Ed Tufts. I was present there at the time. We hauled the grain down and put it in my granary. Q. You had some writ of some kind or other,—you or Mr. Tufts,—didn't you? A. Yes, sir." This question was objected to as not being the best evidence, and as seeking by parol to prove the contents of a written instrument. Objection was overruled, and the defendants excepted. We think it was properly admitted.

The clerk, W. J. Crisp, was called and examined as a witness on the part of the plaintiff, and he testified that there were no papers on file in the case of the Plano Manufacturing Company against Person and Cooley. It is contended on the part of the respondent that, having proved that there were no papers on file in the said action, it was ·competent to prove the contents of the original papers by copies, and that Exhibit B

supplied this proof. We are of the opinion that the respondent is right in his contention. Not finding the papers in the proper office, Exhibit B furnished proper secondary evidence of their existence and contents. In claim and delivery the law makes it the duty of the officer, when making service, to serve upon the defendant in the action a copy of the affidavit, notice, and undertaking. by delivering the same to him personally if he can be found. Section 4975, Comp. Laws. The court will not presume that any person would be guilty of the high crime of making out and serving upon a party from whose possession he takes personal property, fictitious copies of papers purport- ing to be held by him, and under which the property is taken. We are of the opinion, therefore, that the court very properly admitted Exhibit B, as tending to prove that the officers acted under legal process in seizing the property claimed in the ac- tion of the Plano Manufacturing Company against Person and Cooley, and such evidence was *prima facie* proof of that fact. Undoubtedly, as claimed by appellants, in order to render these defendants liable for the property taken, it must appear that the officers had in their hands process issued by competent authority, and that the property alleged to have been taken was taken under such process. In other words, the property must have been taken *virtute officii*. And as before stated, copies of the affidavit, notice and undertaking. and the sum- mons, delivered by the officers to one of the defendants in the action, should, in the absence of the original papers from the proper office, be held as *prima facie* proof of the existence of such original papers, and that the officers were acting there- under at the time the property was taken. It might have been otherwise if the law did not specifically require the service of

copies upon the defendant at the time the property is taken. If, therefore, Galbraith and Tufts were deputy sheriffs, and had in their hands the proper papers in the case of the Plano Manufacturing Company against Person and Cooley, and as such officers took the property charged to have been taken in that action, their acts would clearly bind the sheriff and his sureties, the defendants herein,

Whether the sureties would be liable for acts done *colore officii,* it is not necessary here to decide, but that they are liable for acts done *virtute officii* is well settled by the authorities. In the case of Gerber v. Ackley, 37 Wis. 43, much relied upon by the appellants, it does not appear that the marshal. for whose acts his sureties were sought to be held liable, had in his hands any writ or process under which he was acting: It was not averred in the complaint in that action that the marshal had a writ of replevin under which he seized the property, so as to give his act an official character; but he claimed to have process, not that process had been delivered to him, which he proceeded to execute in a manner contrary to his official duty. The court in that case says: "In order to show that Ludington [the marshal] violated some duty resting upon him as a marshal, it must appear that he was acting under process, and not claiming to act in the execution of process. If Ludington had a legal writ, issued by a justice, which commanded him to seize this identical property, that would afford him full protection, unless he acted wrongfully in executing it. * * * If he had no such writ, he cannot be said to be acting *virtute officii* and in the discharge of an official duty." In the case at bar we think there was evidence sufficient, in the absence of any contrary proof, to find that Galbraith and Tufts were act-

ing under legal process in seizing the property for which the sureties are sought to be held liable. No evidence being offered on the part of the defendants and appellants tending to prove that the copies marked "Exhibit B" were not true copies of originals in the hands of the officers, and no proof offered tending to show that no such action had been commenced as was indicated by the copies, we think the court was fully justified in assuming, for the purposes of this case, that the officers were acting under legal process.

W. J. Crisp was called as a witness on behalf of the plaintiff, and was sworn to testify as a witness in the case by Hon. JOSEPH W. JONES, the presiding judge of the trial court, and was asked the following question: "You are the clerk of this court?" The defendants objected to the witness testifying for the reason that he had not been sworn as, under the constitution and statutes of the State of South Dakota, the judge of a circuit court possesses no authority to administer an oath, and the only oath taken by the witness was administered by the presiding judge of that court. Objection overruled, and defendants excepted. It is contended by appellants that a circuit judge in this state is not authorized to administer an oath, in that he is not included among those authorized to administer oaths by the provisions of Section 487 of the Compiled Laws. In that section the circuit judge is not mentioned as one authorized to administer an oath, but we are of the opinion that the power to administer such oath is incident to his office. The authority conferred upon him, as such judge, to hear and determine causes in his court, must necessarily include the power to administer oaths to witnesses. He has the inherent power by virtue of his office. It was held in U. S. v. Ambrose (C. C.)

2 Fed. 556, that a judge of a district court of the United States has the power to administer oaths in matters arising in his court, or coming before him as a judicial officer of the United States, and that such power is incident to his judicial office, although it appears from the opinion in that case that such power had not been vested by statute in such judge.

It is further contended on the part of the appellants that the paper purporting to be an appointment of Edward W. Tufts as deputy sheriff was inadmissible in evidence for the reason that it was signed by C. W. Hubbard individually, and not in his official capacity. The appointment is as follows: "State of South Dakota, County of Minnehaha—ss.: I hereby appoint Edward W. Tufts deputy sheriff in and for Minnehaha county, State of South Dakota. [Signed] C. W. Hubbard." Upon the appointment appears the deputy sheriff's oath of office, and the document was filed with the county auditor of Minnehaha county. We are inclined to take the view that, it being conceded that C. W. Hubbard was the sheriff of Minnehaha county, the said appointment should be regarded as made by him as such sheriff.

Appellants further contend that no demand on the sheriff for the possession of the property claimed to have been taken by him, and refusal to deliver the same, was alleged in the complaint or proven on the trial, and the plaintiff therefor could not recover in this action. The statutes of this state have prescribed the proceedings to be taken or the demand that must be made by the plaintiff in a case like the present before bringing his action, and we are of the opinion that no other demand is necessary to be alleged or proven. Section 4982, Comp. Laws, under the head of "Claim and Delivery of Person-

al Property," reads as follows· ''If the property taken be claimed by any other person than the defendant or his agent, and such person shall make affidavit of his title thereto and right to the possession thereof, stating the grounds of such right and title, and serve the same upon the sheriff, the sheriff shall not be bound to keep the property, or deliver it to the plaintiff.   *   *   *   And no claim to such property by any other person than the defendant or his agent shall be valid against the sheriff, unless made as aforesaid; and notwithstanding such claim, when so made, he may retain the property a reasonable time to demand such indemnity." Our Section 4982 is a copy of Section 216 of the former Code of Procedure of the State of New York. In Manning v. Keenan, 73 N. Y. 45, the court of appeals of that state, in a very able and exhaustive opinion, gave a construction to that section, and held that the only demand necessary to be made to entitle the plaintiff to maintain an action against the sheriff was the notice and affidavit required by said section. That court further held that the provisions of the section were intended as a protection to to the officer, and to enable him to secure from the plaintiff in the claim and delivery action indemnity, in which case the officer was, in effect, required to deliver the property to the plaintiff in the action, and in such case became liable to the claimant of the property, or, in case no indemnity is furnished by the plaintiff, to deliver up the property to the party from whose possession it was taken. The supreme court of North Dakota, in Welter v. Jacobson, 7 N. D. 32, 73 N. W. 65, takes substantially the same view of a similar statute of that state. With these views of the object and purpose of the statute we fully agree. Ordinarily, therefore, a party instituting

a suit against an officer to recover the value of such property must allege and prove the service of the notice and affidavit required by Section 4982.

It is contended, however, on the part of the respondent, that the sheriff in this case cannot claim the protection of the provisions of that section, for the reason that he failed to file the notice and affidavit, with his proceedings thereon, with the clerk of the court in which the action was pending, within 20 days after taking the property mentioned therein, as required by Section 4983. We are of the opinion that the respondent is correct in his contention. It affirmatively appears in this case that, though the action was not commenced for more than a year after the property is alleged to have been taken, neither the notice nor the affidavit in claim and delivery had been filed in the office of the clerk of the court in which the action was pending, and had not been filed at the time of the trial. In Carson v. Fuller, 11 S. D. 502, 78 N. W. 960. this court held that an officer who had failed to file the papers, including his inventory and return, with the clerk of the court who issued the warrant, could not justify the taking of the property under his warrant of attachment, and held, further, that the statute was mandatory, requiring the papers to be filed within 20 days after making the seizure. We see no reason why Section 4983, requiring the papers in claim and delivery to be filed within 20 days after seizing the property, should not receive the same construction. We are of the opinion, therefore, that the provisions of that section are mandatory, and, that the officer, on failure to comply with the same, became liable to an action, in the nature of trover for the conversion of the property, by the claimant. In an action against an officer who has failed to make return within the specified

time, it is not necessary to allege or prove that the plaintiff served the notice and affidavit required by Section 4982; and where, as in this case, the plaintiff alleges and proves that the property was unlawfully and wrongfully taken from his possession by the officer, he need not allege or prove a demand and refusal. Rosum v. Hodges, 1 S. D., 308, 47 N W. 140; Dishneau v. Newton, 91 Wis. 199, 64 N. W. 879; Stone v. O'Brien, 7 Colo. 458, 4 Pac. 792; Tuttle v. Robinson, 78 Ill. 332. The complaint was therefore sufficient, though containing no allegation that such a notice and affidavit were served, or any other demand made for the possession of the property upon the sheriff. The complaint, being sufficient as to the sheriff, would be equally so, so far as regards demand and notice, as to the sureties on the sheriff's official bond. The court therefore committed no error in admitting in evidence the notice and affidavit which was served by the plaintiff within two days after the property was taken in the claim and delivery action of the Plano Manufacturing Company against Person and Cooley, although proof of such notice and affidavit in this case was not necessary, and in holding that the complaint was sufficient. In the view we take of the case, the last objection becomes immaterial. The order of the circuit court denying a new trial is affirmed.