FOREST COUNTY, Respondent, vs. UNITED SURETY COMPANY OF BALTIMORE, imp., Appellant.

*April 3—April 23, 1912.*

*Official bonds: Construction: Breach: Liability of surety: Acts done by virtue of office: County judge: Receiving money on illegal claims against county: Action, by whom brought.*

1. An official bond entered into by the surety for a money consideration, conditioned that the officer shall faithfully perform the duties of his office and shall pay over or account for all moneys which may come into his hands by reason of his holding such office, is an indemnity bond partaking of the essential features

of an insurance contract, and should be construed most strongly against the surety preparing and furnishing it.

2. To constitute a breach of an official bond there must be a breach of official duty, the liability of the surety being limited to acts done by the principal by virtue of his office or by reason of the fact that he holds the office.

[3. Whether a condition to account for all moneys that may come into the hands of the officer *by reason of his holding such office* is broader than one to account for all moneys that may come into his hands *by virtue of his office,* not determined.]

4. Where a county judge who, under sec. 2454, Stats. (Supp. 1906: Laws of 1903, ch. 45), was authorized to present bills and receive pay from the county for certain extra services, presented illegal bills for services for which he was not entitled to compensation, and received money thereon from the county, such moneys were received by virtue of his office; and there was a breach of his official duty and of his bond.

5. An action upon the official bond of a county judge is properly brought, under sec. 984, Stats. (1898), in the name of the county. The provision in that section making it a duty of the chairman of the county board to see that the action is prosecuted, does not mean that it must be done in his name, since the statute specifically provides otherwise.

APPEAL from an order of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action by *Forest County* against John H. Dawley, its county judge for the years 1907, 1908, and 1909, and the *United Surety Company,* surety upon his official bond, to recover certain sums of money claimed to have been unlawfully paid said Dawley for alleged services rendered the county. The complaint, after alleging the incorporation of plaintiff, the due election and qualification of said Dawley as county judge, the incorporation of the defendant surety company, and the due execution and filing of the bond, states:

"That heretofore, to wit, at the various times between the —— day of ——, 1907, and the 31st day of December, 1909, the defendant John H. Dawley, while county judge for said county at or about the dates set forth in the schedule hereto annexed marked Exhibit B and made a part of this complaint, collected and received from said plaintiff the several sums of

money mentioned in said schedule, amounting in the aggregate to the sum of $1,102.06; that said John H. Dawley, during his continuance in office as such county judge, did not faithfully discharge the duties as such county judge, and did not well and truly pay over and account for according to law to the proper authorities the moneys which came into his hands while such county judge, an itemized statement of which moneys so received by the said defendant John H. Dawley is set forth in Exhibit B hereto attached; that the sums of money received by said defendant under items twenty-four and twenty-five of said schedule were obtained by said John H. Dawley as the salary of the register of probate for the years 1908 and 1909, which salary had theretofore been fixed by the board of supervisors to be received by the register of probate of said county and said salary for said years was so received by said Dawley as an additional perquisite and compensation for services rendered by said defendant Dawley as county judge, notwithstanding that the board of supervisors of said county had heretofore duly fixed the salary of said office of county judge for said years 1908 and 1909; that all of the moneys received as stated in items one to twenty-three inclusive of said schedule was received by the defendant Dawley while county judge of said county, and was collected and received by him for services performed as county judge as the fees and emoluments of his said office, notwithstanding that such fees and emoluments were not by law authorized to be received by him, and it was the duty of the said defendant Dawley to pay over and account for to the proper authorities according to law the moneys of said plaintiff which so came into his hands, and said defendant Dawley neglected and refused so to pay over and account for said moneys and unlawfully converted and appropriated said moneys to his own use and still unlawfully retains said moneys and all of them, as stated and enumerated in said schedule hereto attached and identified as Exhibit B."

The items referred to in Exhibit B are for services as assistant to the sheriff; for excess per diem for the commitment of children, of insane, and of feeble-minded persons; for copying and indexing records in the office of the county judge; for services in destroying ballots; for per diem in *habeas cor-*

*pus* proceedings; for labor permits granted; for services in investigating death; for special sessions; for sale of real estate of deceased persons; and for salary of register of probate.

The bond in question was for the sum of $3,000, named the board of supervisors of *Forest County* as obligee, and was conditioned as follows:

"Whereas, the said John H. Dawley is the duly elected county judge of and in the county of *Forest,* Wisconsin: Now, therefore, the condition of this obligation is such that if the said John H. Dawley shall faithfully discharge the duties of the office aforesaid and shall well and truly collect and pay over, or account for, according to law, to the proper authorities, the moneys or property which may come into his hands by reason of his holding such office, then this obligation to be void, otherwise to remain in full force and effect."

The defendant surety company demurred to the complaint on the grounds (1) that the plaintiff has no legal capacity to sue, in this, that plaintiff is not the obligee named in the bond upon which said action is based, and that therefore plaintiff is not authorized to sue thereon; (2) that there is a defect of parties plaintiff, in this, that the board of supervisors of *Forest County,* being the obligee named in the bond upon which this action is based, are necessary and proper parties plaintiff to an action to enforce the terms of said bond, but are not made parties plaintiff herein; (3) that several causes of action have been improperly united; and (4) that the complaint does not state facts sufficient to constitute a cause of action.

From an order overruling the demurrer the defendant *United Surety Company* appealed:

For the appellant there was a brief by *Miller, Mack & Fairchild,* and oral argument by *James B. Blake.*

For the respondent there was a brief signed by *A. C. Umbreit,* special counsel, and *John F. Hooper,* district attorney, and oral argument by *Mr. Umbreit.*

VINJE, J.   Appellant contends that the obligation of a surety is *strictissimi juris;* that nothing can be taken against

him by construction; and that his liability cannot be extended beyond the very terms of the conditions of the bond; and cites *Detroit Sav. Bank v. Ziegler,* 49 Mich. 157, 13 N. W. 496; *Gerber v. Ackley,* 37 Wis. 43; *Taylor v. Parker,* 43 Wis. 78; *People v. Pennock,* 60 N. Y. 421; and *Wilson v. State,* 67 Kan. 44, 72 Pac. 517. All those cases deal with accommodation sureties. In the case at bar we have an indemnity bond entered into for a money consideration. Such indemnity bonds partake of the essential features of insurance contracts and should be construed most strongly against the party preparing and furnishing them. *French v. Fidelity & C. Co.* 135 Wis. 259, 115 N. W. 869; *United Am. F. Ins. Co. v. American B. Co.* 146 Wis. 573, 131 N. W. 994; *American S. Co. v. Pauly,* 170 U. S. 133, 18 Sup. Ct. 552. But, even so construed, the liability of a surety upon an official bond must be held to be limited to acts done by the principal by virtue of his office or by reason of the fact that he held the office; that is, some breach of *official* duty must be shown in order to constitute a breach of the bond. *Gerber v. Ackley,* 37 Wis. 43; *Barnes v. Whitaker,* 45 Wis. 204; *Bishop v. McGillis,* 80 Wis. 575, 50 N. W. 779; *State v. McFetridge,* 84 Wis. 473, 54 N. W. 1, 998; *Dishneau v. Newton,* 91 Wis. 199, 64 N. W. 879. In *Gerber v. Ackley,* 37 Wis. 43, the court says: "Acts done *virtute officii* are where they are within the authority of the officer, but in doing them he exercises that authority improperly, or abuses the confidence which the law reposes in him."

It is strenuously urged by the appellant that there is no liability on the part of the surety because the moneys received by Judge Dawley, for which a recovery is sought, were not received by him *virtute officii.* By a reference to the bond it will be seen that it is conditioned to account for all moneys that shall come into the hands of the principal *by reason of his holding such office.* Whether such a condition is broader than one limited to account for all moneys that shall come into his hands *by virtue of his office* need not now be considered or

determined, because we are of the opinion that the complaint. sufficiently alleges a breach of the bond within the latter condition. Sec. 2454, Stats. (Supp. 1906: Laws of 1903,. ch. 45)., authorizes a county judge, not vested with civil jurisdiction, to receive from the county treasury $5 per day for services not pertaining to probate business, compensation for which is not otherwise provided. The county court of *Forest County* had no civil jurisdiction, so Judge Dawley was entitled to render bills against the county for extra services. within the statute. Such authority was conferred upon him by virtue of his office. The bills rendered as shown by Exhibit B were for such alleged extra services. In presenting bills against the county it became his duty as county judge to render just and true bills; to render bills for services actually performed and for such services only for which he was entitled to compensation. This he did not do. The demurrer admitted that he was not entitled to compensation for the services claimed. In presenting such illegal claims and receiving money on them he breached his official duty. It was within his authority to present claims against the county for services rendered within the provisions of the statute, and they were presented by virtue of his office—certainly by reason of his holding the office. In presenting illegal claims he exercised that authority improperly and abused the confidence which the law reposed in him, as expressed in *Gerber v. Ackley,* 37 Wis. 43. A similar breach of duty was discussed in. *Jones v. Lucas Co. Comm'rs,* 57 Ohio St. 189, 48 N. E. 882, where the court says:

"The proposition that the drawing of money from the county treasury, by the county auditor upon his own warrant, on a claim in his own favor, known by him to be illegal, for alleged services rendered the county, is a matter merely of individual action, and not a disregard of official duty, is at least a startling one. It appears to be based upon an attempt to distinguish between the man as an individual and the man as an officer. The distinction cannot hold."

See, also, *Milwaukee Co. v. Hackett,* 21 Wis. 613; *Kewaunee Co. v. Knipfer,* 37 Wis. 496; and *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369.

Since the condition of the bond is that the principal "shall faithfully discharge the duties of the office," a breach thereof occurred when such duties were not faithfully discharged. The breach of official duty and the breach of the bond went hand in hand. The complaint therefore states a good cause of action as to all the items therein contained against both defendants. That being so, the objection that several causes of action are improperly united, in that no recovery can be had against the appellant as to some of the items, even if there be a liability as to others, falls.

The only other point argued in appellants' brief meriting notice is that the complaint fails to state a cause of action because it does not appear that the action is prosecuted under sec. 984, Stats. (1898). It is claimed that the chairman of the county board, and not the county, is the proper party plaintiff pursuant to the provisions of that section. Counsel, though they quoted the section, entirely overlooked the provision therein that "every action mentioned in this section shall be prosecuted in the name of the state, county, town or other municipality to which such bond is given." Here it is prosecuted in the name of the county, and properly so. The fact that the statute imposes the duty upon the chairman of the county board to see that the action is prosecuted does not mean that it must be done in his name, when the statute specifically provides otherwise.

*By the Court.*—Order affirmed.

WINSLOW, C. J., and BARNES, J., dissent.