74    687
s42NW 153
130   ¹596

THE PEOPLE, FOR THE USE OF BENJAMIN F. NORRIS AND WILLIAM M. ALISTER, v. JOHN Q. MERSEREAU.

*Principal and surety—Judgment—Evidence.*

1. A judgment is shown to be authorized when parties appear and submit proper issues which are determined by the verdict, on which judgment is rendered, and a transcript, properly certified, showing these facts, is sufficient evidence in a collateral suit to show a valid judgment.

2. As a judgment cannot be attacked collaterally for any mere irregularities, it is only on proceedings in error that all the continuances and other matters of practice in the cause need be mentioned in a transcript.

3. An attachment by a sheriff of property not belonging to the debtor, made under color of a writ, and by authority of office claimed under it, is very clearly official action, for which his sureties are liable.

4. A judgment against a sheriff for a wrongful levy is *prima facie*
evidence in a suit against his sureties, who were not joined as
defendants in the first suit.

Error to Schoolcraft. (Steere, J.) Argued April 5,
1889. Decided April 24, 1889.

Debt͵ on sheriff's bond. Defendant brings error.
Affirmed. The facts are stated in the opinion.

*Ball & Hanscom,* for appellant.

*W. F. Riggs,* for plaintiffs.

CAMPBELL, J. This suit was brought on the sheriff's
bond of John McCanna, sheriff of Schoolcraft county, for
misconduct in office to the injury of the plaintiffs by
seizing and converting their property under an attach-
ment against one William E. Smith. The declaration
showed that suit had been brought and damages recovered
against McCanna as such sheriff, for the wrong, in the
circuit court of the United States for the Western district
of Michigan, upon which an execution issued was returned
unsatisfied for want of property to be found.

Upon the trial below reliance was had upon this judg-
ment, and the court found for plaintiffs for its amount
against Mersereau, a surety on the sheriff's bond. The
questions raised here on error relate to the nature of the
grievance, as claimed to be unofficial and outside of the
surety's liability; to the judgment in the United States
court, as not admissible against the surety; and to the
formal proof of the judgment. This proof consisted of a
properly-certified copy, under the seal of the court, of
the pleadings, which were special, and on personal appear-
ance, and of the record of verdict and judgment. We
can see no objection to this proof. It is a good common-
law certificate, and covers everything necessary to show
a valid judgment, by showing jurisdiction of person and

subject-matter between persons fully impleaded, and verdict and judgment on the issues. As a judgment cannot be attacked collaterally for any mere irregularities, it is only on proceedings in error that all the continuances and other matters of practice in the cause need be mentioned in a transcript. The judgment is shown to be authorized when parties appear and submit proper issues which are determined by the verdict, on which judgment is rendered. No authority is to be found for holding any further proof necessary, and we have not discovered any statute to the contrary.

It is claimed that the sheriff's act in levying on the plaintiffs' property upon a writ against another party was not an official act, but was a mere private trespass, for which his sureties are not responsible. The authority in *Ex parte Reed*, 4 Hill, 572, cited to the contrary, is a very scantily-reasoned holding, on an application for leave to sue a sheriff's bond, and was overruled in a well-reasoned decision of the court of appeals in *People v. Schuyler*, 4 N. Y. 173.[1] The whole subject is fully discussed in *Lammon v. Feusier*, 111 U. S. 17 (4 Sup. Ct. Rep. 286), by Gray, J., who considers the question very thoroughly, and holds the act to be official misconduct. The authorities are very well brought together in 2 Amer. & Eng. Cyclop. Law, 466*i*. We think that such a seizure, made under color of a writ, and by authority of office claimed under it, is very clearly official action for which the sureties are liable. A contrary doctrine would render a sheriff's bond of very little use. Where his acts are legal, there is usually no harm done. It is only when he makes use of his official character to do wrong that he becomes a trespasser, and if his bond does not protect parties injured

---

[1] Counsel for defendant also cited *Taylor v. Parker*, 43 Wis. 78; *State v. Conover*, 28 N. J. Law, 224.

against his wrong-doing, which nothing but his official character makes formidable, the security is more formal than substantial. The decisions holding such conduct covered by the bond seem to us reasonable and just.

The only remaining question is as to the effect of the judgment. The judgment in the action in the United States court is so clearly one for a wrongful levy as to need no discussion on that point. But it is claimed it has no effect as evidence against sureties, and it is further claimed that it must be conclusive evidence, or no evidence at all.[1]

There is certainly some variance in the authorities on the subject, but the prevailing reasons, except where there are statutory difficulties, seem to favor the rule that such a judgment is *prima facie* evidence against the sureties. That doctrine was held, after full discussion, in *Lowell v. Parker*, 10 Metc. 309, and very convincing reasons were given in favor of it. That such a judgment should not be conclusive against the surety, unless he has been notified to defend, or made a party, is well enough based on the possibility of fraud or collusion. But beyond this there is no very good reason for any exception. It is for the advantage of the surety to have the sheriff pursued to judgment, and the exhaustion of execution before he himself is sued, not only because if the sheriff is good the surety will not be harassed by litigation at all, but also because in such cases there is frequently, and always may be, an indemnitor. who becomes jointly liable, and to whom recourse may be had which will relieve or exonerate the surety. And there is no more reason for excluding a judgment, which is usually only obtained after a fair litigation against the sheriff, than the sheriff's certificates and other admissions, which are less solemn than

---

[1] Counsel for defendant cited 2 Am. Lead. Cas. (4th ed.) 439–451, and cases there cited; *Pico v. Webster*, 14 Cal. 202.

the judgment.    There is very little danger of collusion, and, if collusion exists, it is lawful to show it in defense. There are so many cases where sureties are bound by official acknowledgments and settlements of their principals that it would be going beyond reason to make an exception against judgments, which are far less likely to be careless or mistaken.

There are many states which require an exhaustion of legal remedies before suing sureties, and in such cases the previous judgment must necessarily perform an important part.

This principle was practically recognized by this Court in *Lee v. Wisner*, 38 Mich. 82, and it is apparently taken for granted by the case in 111 U. S. 17, which cited on the main question the state decisions which so hold.[1] In *People v. Schuyler*, 4 N. Y. 173, before referred to, the former judgment was the measure of the breach relied on, and the declaration, which was held good, made that point important, and it was evidently regarded as a proper reliance.  It would not be profitable to review the cases, which are only instructive as reasons, and not as authority for us.  We think the weight of reason and good sense is in favor of giving *prima facie* credit to the judgment against the sheriff.    Most of the cases apparently to the contrary are more or less distinguishable, and where they are not clearly so they give no very good reason why a surety who is bound or affected by the declarations and admissions of the officer very generally should not be affected by a fair and honest judgment.

The judgment should be affirmed.

The other Justices concurred.

[1] See *Doran v. Butler*, 74 Mich. 643, for a seemingly contrary holding.