## WHITBECK v. SEES.

1. Under Comp. Laws, § 3507, characterizing as actual fraud any "acts fitted to deceive," and "connivance with intent to deceive or to induce another to enter into a contract," where a treasurer of a school district, confederating with another to assist him in procuring money, and for the purpose of misleading the public, indorsed upon a school warrant illegally issued that the same had been presented for payment and refused because of a lack of funds, and also officially certified that the same would be paid as soon as funds were at hand, and thereby induced an innocent purchaser to take the warrant for a valuable consideration, he is liable to such purchaser.

2. Great latitude is indulged in to sustain a complaint assailed for the first time at the trial by an objection to the introduction of evidence on the ground that the complaint fails to state facts sufficient to constitute a cause of action.

(Opinion filed Jan. 22, 1898.)

Appeal from circuit court, Charles Mix county.   Hon. E. G. SMITH, Judge.

The trial court sustained an objection to the introduction of any evidence under the complaint, and gave defendant judg-

ment for costs upon a directed verdict. Plaintiff appeals. Re-
versed.

The facts are stated in the opinion.

*S. H. Wright*, for appellant.

It is not necessary that the injured party should rely solely
upon the fraudulent representations; it is sufficient if he
changed his position upon the faith of such representations,
and would not have done so but for them. Addington v. Allen,
11 Wend. 374; Young v. Hall, 4 Ga. 95; Upton v. Vail, 6 Johns.
(N. Y.) 181; Lang v. Lee, 3 Rand. (Va.) 410; Boyd v. Brown,
6 Pa. St. 310; Bacon v. Bronson, 7 Johns. Ch. (N. Y.) 194;
Mead v. Bunn, 32 N. Y. 275; Morse v. Swits, 19 How. Pr. 275;
2 Hilliard on Torts (4th Ed.) pp. 73, 84.

*W. F. McCall*, for respondent,

Cited, Schoelhammer v. Rometch, 38 Pac. 344; Farmers'
&c. Ass'n v. Scott, 36 Pac. 978; Bank v. Kendall, 6 S. D. 543;
Bank v. Bartlett, 20 Pac. 684; Shakespeare v. Smith, (Cal.),
20 Pac. 684.

FULLER, J. At the trial of·this cause the court sustained
an objection to the introduction of any evidence on the part of
plaintiff on the ground that his complaint failed to state facts
sufficient to constitute a cause of action. Judgment for costs
in favor of defendant was entered upon a directed verdict, and
plaintiff appeals.

It appears from the complaint: That two instruments in
writing, bearing date February 6, 1896, purporting to be war-
rants, numbered 145 and 146, drawn on Hamilton school dis-
trict, in Charles Mix county, for $70 and $72.50, respectively,
in favor of O. A. Osmardson, were each upon that day indorsed
by the respondent, in his official capacity, as follows: "The
within order presented for payment this day, and the same not
paid, for want of funds. Castalia, South Dakota. Dated Feb.
6, 1896. [Signed] Jared Sees, Treasurer." That at the same
time, and over his official signature, he executed and delivered

to said Osmandson the following:   "To whom it may concern: This is to certify that warrants Nos. 145 and 146 were issued this day at a specially and regularly called meeting of the school board, and will be paid as soon as funds are at hand." That on account of the foregoing indorsement and certificate of respondent, and not otherwise, appellant was on the 10th day of February, 1896, induced to purchase said warrants, paying the full apparent value thereof, "believing that the same were regular, valid, and a proper charge against the said school district, but that plaintiff would not have made such purchase in the absence of the assurances contained in said indorsements and certificate, and that plaintiff was misled by the same into making the purchase of said warrants.   Plaintiff further says that he is informed, believes, and alleges the fact to be, that the said defendant and the payee named in said warrants knew that they were illegal, and that their payment could not be enforced, and that they confederated together to 'put up a job,' and raise money on said warrants, regardless of who might suffer in consequence of their action.   Plaintiff further says that although he was misled into the purchase of said warrants, and in the payment of full value thereof, in consequence of the acts of said defendant, and his said indorsements and certificate, on the date set forth in paragraph 5, the said warrants were not legally issued, but, on the contrary, were issued without authority of law; that they were not issued at a regular meeting of the board, or any legal special meeting of the board; that there was not present a quorum of the officers of said school district, nor was the chairman present, but he refused to sign said warrants, and the defendant and the clerk had an outsider to sign as chairman, as set out in Exhibit A, and that there was no consideration therefor; and that their issuance was absolutely *ultra vires*, and they were and are void. * * *   Plaintiff further says that the conduct of the defendant in the premises was fraudulent, and that his actions were performed with the intent of misleading the public, in order to

enable the said payee, Osmandson, to dispose of said warrants, although illegal, fraudulent, and void to the knowledge of him, the said defendant; that the aforesaid wrongful and illegal conduct of said defendant has damaged the plaintiff in the sum of one hundred and forty-two dollars and fifty cents, the amount paid for said warrants, with interest thereon from February 6, 1896, no part of which has been paid, although its payment has often been demanded."

The statements contained in paragraph 8, which we omit for the sake of brevity, clearly show, and the fact is not questioned, that the warrants, if as alleged in the complaint, are of no validity; but counsel for respondent maintains, in effect, that even if appellant, relying only upon the false representations contained in the certificate, was induced to part with his money, for which he received nothing, he cannot recover, for the reason that the certificate contains no more than a mere expression of an opinion that the warrants were issued at the regularly called special meeting of the school board, and would be paid as soon as sufficient funds were collected into the school district treasury. Section 3507 of the Compiled Laws characterizes as actual fraud any "acts fitted to deceive"; "connivance with intent to deceive * * * or to induce another to enter into a contract"; also, "the positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believed it to be true." One who thereby induces another to alter his position to his detriment is liable for any damage which he thus occasions. Comp. Laws, § 3598. While it is the policy of the law to exonerate school officers, as well as other public servants, required to exercise judgment and discretion, from liability in damages occasioned by their official conduct, they must act honestly, in good faith, and within the powers conferred upon them. The execution of the certificate was not within the line of respondent's official duty; and, if the complaint is true, its material recitals are false, and were fraudulently made, with

the intent to deceive and injure anyone who might, upon the strength thereof, be induced to purchase the worthless warrants described therein, and uttered, pursuant to an alleged scheme, entered into by and between the payee named and respondent, "to raise money on said warrants, regardless of who might suffer in consequence of this action." "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit." Comp. Laws, § 3600. Construed liberally, as it must be after issue is joined by answer upon the merits, our conclusion is that every essential ingredient of a cause of action can be fairly gathered from the averments of the complaint, and that the objection to the introduction of any evidence thereunder because facts sufficient to constitute a cause of action were not alleged should have been overruled. Robbins v. Barton, 50 Kan. 120, 31 Pac. 686; Moore v. Shields, 121 Ind. 267, 23 N. E. 89; Hazelton. v. Bank, 32 Wis. 34. It is the settled practice in this jurisdiction to indulge the greatest latitude to sustain a complaint assailed for the first time at the trial by an objection to the introduction of any evidence on the ground that facts sufficient to constitute a cause of action are not stated. Stutsman Co. v. Mansfield, 5 Dak. 78, 37 N. W. 304; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Sherwood v. City of Sioux Falls, 10 S. D. , 73 N. W. 913. The order appealed from is reversed, and the case remanded for further proceedings according to law.