## CONNOR v. CORSON *et al.*

1. Under Comp. Laws, § 5034, which provides that "there need be but one notice of trial, and one note of issue from either party, and the action must then remain on the calendar until disposed of," the granting of a new trial does not render it necessary to serve a second notice of trial; the effect being to restore the cause to the calendar as it stood before the first trial.

2. An order sustaining a demurrer to a complaint, but giving the plaintiff leave to serve and file an amended complaint, does not render the questions presented by the demurrer *res judicata*, or constitute a bar to the further prosecution of the action on the amended complaint, if not demurred to, although it may be subject to the same, or some of the same objections assigned as grounds of demurrer to the original complaint.

3. In an action on a sheriff's bond, where it is shown by the testimony of the county auditor, who is made the legal custodian of such bond, that the

original cannot be found after diligent search, the record of the bond in the office of the register of deeds, made in compliance with Comp. Laws, § 1377, is admissible to prove its execution, under Section 53C7, which makes every instrument in writing which is acknowledged, proved, and duly recorded admissible as evidence without further proof, and Section 5308, which makes the record of such instruments admissible where the original is lost.

4. It is usually within the sound discretion of the trial court to limit the cross-examination of a witness to the subject matter of his examination in chief, and to require the party to make the witness his own if he desires to go into other matters, and such action will not be held ground for reversal unless an abuse of discretion is shown.

5. A judgment against a sheriff for conversion, based on a seizure of property shown to have been made under an attachment against another person, and under color of his office. is *prima facie*, but not conclusive, proof of the liability of the sureties on his bond to the plaintiff, in a subsequent action brought against them on the bond.

6. Comp. Laws, § 4851, limiting the time within which an action may be brought against a sheriff for an act done by virtue of his office to three years, does not apply to an action brought against the sureties on his bond, after the cause of action against him has been reduced to judgment within such three years, and an execution thereon returned unsatisfied; but such action is governed by Section 4850, fixing six years as the limitation for actions "upon a contract, obligation or liability, express or implied."

(Opinion filed August 29, 1900).

Appeal from circuit court, Minnehaha county.     Hon. JOSEPH W. JONES, Judge.

Action by Jessie F. Conner against W. H. Corson, W. E. Willey, and others.  Judgment for plaintiff, and defendants Corson and Willey appeal.  Affirmed.

The facts are stated in the opinion.

*Kirby, Rochford & McMahon,* for appellants.

Judgment on demurrer settles every matter which was well alleged in the pleading of the opposite party. Aurora v. West, 7 Wall 82; Luttrell v. Reynolds, 37 S. W. 1051; 1 Freeman Judg. § 267; Gould v. Railroad, 91 U. S. 526; Lamb v. McConkey, 40 N. W. 77.

An agent cannot by his subsequent declarations, create evidence against his principal. Bank v. North, 41 N. W. 736; Short v. Elevator Co. 45 N. W. 706; La Rue v. Elevator Co. 54 N. W. 806.

A judgment obtained against the principal on a bond is no evidence against sureties who are not parties to that action. Pics v. Webster, 14 Cal. 302; Rodini v. Lytlle, 43 Pac. 501; Thomas v. Hubbell, 35 N. Y. 130; People v. Russel, 25 Hun. 524; Murfree on Sheriffs, § 942; Jackson v. Griswold 4 Hill 522; Lucas v. Governor, 6 Ala. 826; Kirby v. U. S. 174 U. S. 47.

*A. B. Kittredge* for respondent.

A judgment against a principal on a bond is conclusive evidence against the sureties thereon, in the absence of fraud or collusion if the court had jurisdiction to render such judgment. 12 Am. & Eng. Ency. Law, 99; DeMur v. Smith, 129 Mass. 143; Tracy v. Goodwin, 5 Allen, 409; Lowell v. Parker, 10 Met. 309; Norris v. Merceream, 74 Mich. 687; Meyer v. Barth, 72 N. W. 748; Charles v. Haskins, 14 Iowa, 471; Lewis v. Mills, 66 N. W. 817.

Fuller, P. J. Some of the facts essential to a determination of this appeal from a judgment against sureties on a sheriff's official bond, and an order overruling a motion for a new trial, are stated correctly by counsel for respondent as follows: "On the 4th day of June, 1894, George A. Knott, then sheriff

of Minnehaha county, attached certain personal property of
the respondent, in a suit in which one C. E. Ford was plaintiff
and Charles J. Conner was defendant.   On the 23d day of De-
cember, 1896, respondent recovered a judgment against said
Knott in the sum of $1,629.75 for his said acts, which were al-
leged to be 'malicious, wrongful and unlawful.'  This judg-
ment was duly entered of record.  In February, 1898, and after
such entry of the judgment, an execution was in due form is-
ued upon said judgment, and on  the 4th day of April, 1898,
returned by the then sheriff of Minnehaha county wholly un-
satisfied.   The next day this action was brought upon the offi-
cial bond of said Knott, and based upon said judgment.   All
the defendants duly appeared and  demurred to the respond-
ent's complaint.   On the 16th day of May, 1898, the trial court
sustained said demurrer, and gave respondent leave to amend
her complaint within thirty days.   On the 18th day of May,
1898, respondent's amended complaint was duly served, and
thereafter all the defendants in due time answered.   A notice
of trial of this action was duly served by all the parties, and a
note of issue was duly filed, and the  action regularly placed
upon the calendar of the regular December, 1898, term of the
circuit court in and for Minnehaha county.   The issues in such
action were duly brought on for  trial  before the court and a
jury at the said December term of court, and resulted in a ver-
dict and judgment in favor of this respondent.   In February,
1899, the court, upon motion of the defendants, granted them a
new trial.   Said order, being in writing, was duly served and
entered of record early in March, 1899.   The action again came
on for trial at the regular April, 1899, term of said circuit
court, and again resulted in a verdict and judgment for this re-

spondent. The judgment was duly entered of record, and motion for a new trial by the defendants was duly made, after service of notice of intention of such motion, and the settlement of their bill of exceptions, and was on the 27th day July, 1899, by the court in due form, overruled and denied. The order denying such motion was in writing, and was duly served upon the defendants, and filed and entered of record. All of the defendants acquiesced in said judgment and ruling of the court, except the appellants, Corson and Willey."

The first assignment of error relates to the denial of appellants' motion to strike the case from the calendar for the reason that no notice of trial has been given or filed since the entry of the order granting appellants' motion for a new trial. By this order the former judgment and verdict were vacated and swept away, and the case stood upon the calendar exactly as though no trial had ever taken place. 14 Enc. Pl. & Prac. 936; Edwards v. Edwards, 22 Ill. 121; Hidden v. Jordan, 28 Cal. 301. Where a new trial has been granted, "the cause is in the same condition as if no judgment had been rendered, so that the action is in no sense new, but, identically the original suit. The error is extirpated, and everything else is in *statu quo.*" And. Law Dict. All the parties, by serving timely notices of trial and filing notes of issue, indicating facts for the jury, made it obligatory for the clerk to place the cause upon the trial calendar for the December, 1898 term; and the granting of appellant's motion, made in the same court, served to retain the case upon the calendar for a new trial. The statute expressly provides that "there need be but one notice of trial, and one note of issue from either party, and the action must then remain on the calendar until disposed of." Comp. Laws, § 5034. Whether

a new notice is necessary where a case has been appealed to this court and remanded for a new trial, need not be determined. As, for every purpose essential to this appeal, the original complaint went out of the case when, at the former trial, the court sustained appellants' demurrer thereto, and in the same order granted respondent leave to serve her amended complaint, upon which and the answer of appellants the case has been twice tried, counsel's contention that the order sustaining the demurrer constitutes a bar to the further prosecution of the action is without merit. The order, with which respondent promptly complied is as follows: "It is ordered and adjudged that said demurrer be, and the same is hereby, sustained. It is further ordered that the plaintiff may have thirty days from service upon the respective attorneys of the said defendants of a copy of this order to serve amended complaint therein." In Pearson v. Post, 2 Dak. 246, 9 N. W. 686, Judge MOODY disposes of the point thus: "The effect of sustaining this proposition of counsel would be to hold that all orders sustaining demurrers to complaints for insufficient statement of cause of action therein are bars to the further prosecution of the action for the same cause of action; and parties would be compelled to abandon their actions in such cases, or elect to stand upon the demurrer and let judgment be entered thereon, to enable them to have a review by the appellate court. Such a rule of practice would be regarded as absurd, if it could be established under the law. But it cannot. If the plaintiff has and can state a cause of action, it is the duty of the court, in the exercise of a just and sound discretion, upon sustaining a demurrer, to allow him to amend his complaint, imposing conditions, when proper, and then the plaintiff may elect, at his option, to let

judgment be entered upon his demurrer or to amend; and if he can so state the facts in his amended complaint as to reach a trial, or, upon restating the facts, the defendant does not again demur, he may have the same questions as were presented by the demurrer heard and determined at the trial, and the order sustaining the demurrer is in no sense a bar to the further prosecution of the action or to a recovery, if upon the trial it is determined that he is entitled to recover. It is not impossible that a judge, having sustained a demurrer to a complaint, may, upon an amendment of the complaint, stating the same facts in different language and order, upon further argument and consideration, change his opinion, and sustain the amended complaint. No one would contend that, by any principal of law or rule of practice, his first views were unchangeable, or that he was barred or precluded by his first order, and that the only remedy of the parties, and the only mode of procedure, was to return to the original complaint, and rescind and expunge the order sustaining the demurrer thereto. It is useless to continue this discussion further. The order sustaining the demurrer to the original complaint in no way operated as a bar to a recovery upon the trial, the pleadings then consisting of the amended complaint and the defendant's answer thereto."

Under the liberal rule adopted by this court, the amended compliant, which appellants answered and assailed for the first time at the trial, is so amply sufficient in every particular that we deem it a waste of space to produce it here, and a waste of energy to discuss the assignments of error relating thereto. Sherwood v. City of Sioux Falls, 10. S. D. 405, 73 N. W. 913; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915. After the county auditor, with whom the statute requires the bond

made the basis of this suit to be filed, had testified to facts showing diligent search therefor among the files of his office, and inability to find the same, the register of deeds was called to the stand, and produced the book in which such bond is recorded at length as required by section 1377 of the Complied Laws; and, after proper indication and preliminary proof, the pages thereof containing the recorded instrument were rightfully received in evidence over the objection of appellants' counsel. Section 5307, *Id.*, provides that "every instrument in writing, which is acknowledged or proved, and duly recorded, is admissible as evidence without further proof;" and when, as in this case, the original reasonably appears to be lost, the record is made competent evidence, and the best of which the case is susceptible. Section 5308, *Id.* The execution, delivery, acceptance, and breach of this bond were properly shown, and none of the objections going to such points were well taken.

After respondent had been examined by her counsel concerning certain preliminary matters, and had identified and described certain articles of clothing and household furniture seized by the sheriff, the following question was propounded on cross examination: "Where did you get this property that you have described?" Upon the theory that the direct examination of the witness had not touched upon the question of title, and the assurance of her counsel that "the witness will again be upon the stand, and ready to answer that question, or any other that counsel may ask in relation to this or any other matter in controversy," the court ruled as follows: "Objection sustained for the time being, but the court will permit witness to be recalled later upon that subject

if counsel desire." The record, to which we are directed by respondent's amended abstract, shows that respondent was recalled, and the question of ownership of the property being raised by a motion to strike out her testimony, to the effect that she is still the owner of the judgment, the following offer was made: "Plaintiff offers to go upon the stand and submit to such examination as counsel for defendant may desire, subject to the right of her attorney to object for such reasons as he may be advised." Appellants not availing themselves of this offer their motion to strike out respondent's testimony was overruled, and respondent rested her case. Thereupon the court ruled that the judgment of respondent against the sheriff was *prima facie,* but not conslusive, evidence against appellants, as the sureties on his official bond, and therefore they had the right to introduce evidence to defeat such judgment. The matter of ownership being the controlling question in the former suit, counsel for respondent appears to have relied upon the judgment as sufficient upon that point, until controverted, and consequently confined respondent, in her examination in chief, practically to the identification of the property. In view of all the circumstances, we conclude that it was not error to refuse to allow appellants counsel to call respondent to the witness stand for the purpose of cross-examining her concerning the question of ownership of the property, after she had rested her case, and at a time when they could easily make her their own witness. Moreover, it appears that near the close of appellants' testimoney respondent was again called to the stand, and testified, in response to a question propounded by one of their counsel, that soon after the property was seized she told Mr. Kerley that she was the

owner of it, and yet they made no attempt to further pursue the subject. It is usually within the sound discretion of the trial court to limit the cross-examination of a witness to the subject-matter of his examination in chief, and require a party wishing to go into other probative matters to do so by making the witness his own, and in this instance there was no abuse of such discretion. Wendt v. Railwoy Co., 4 S. D. 476, 57 N. W. 226; Enos v. Insurance Co., 4. S. D. 639, 57 N. W. 919, Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069.

The record and judgment roll in the case of this respondent against the sheriff are not subject to any of the objections urged by counsel for appellants; and the trial court was fully justified in admitting the same in evidence as *prima facie* proof, at least, of the liability of appellants as sureties on the official bond of that officer. Although the law zealously protects sureties from the imposition of burdens beyond their undertaking, it is clear from the cases that courts are not disposed to resort to unwarranted indulgence or great nicety of construction in order to allow them to escape liability voluntarily assumed, in order to indemnify the public against the delinquencies or misconduct of a sheriff. While in many of the states judgments against such officers are held to be conclusive as to sureties, we think the judgment is only *prima facie* evidence against them, which may be overcome by competent proof; and such was the rule invoked by the trial court, and sustained by well considered authority. Fay v. Edmiston, 25 Kan. 439; City of Lowell v. Parker, 43 Am. Dec. 436; State v. Jennings, 14 Ohio St. 73; Norris v. Mersereau, 74 Mich. 687, 42 N. W. 153; Charles v. Hoskins, 14 Iowa, 471. The attachment by the sheriff of property not belonging to the debtor, but to respondent, was con-

clusively proved to have been made under color of right and by authority of office; and this constitutes official action, for which his sureties are liable.

It is alleged in the answer of these appellants, and urged by their counsel, that this action is barred by the statute limiting to a period of three years the time within which an action may be brought against a sheriff, but such action was brought. and terminated in a judgment against that officer, within the time fixed by Section 4851 of the Compiled Laws for the commencement of the action, and on the 4th day of April, 1898, one day prior to commencing this action, an execution previously issued upon that judgment was returned unsatisfied. These sureties entered into a covenant to respond in damages for the nonperformance of their principal's official functions, and the court very properly held that the foregoing section does not apply to an action based upon an obligation of this character. An official bond is an obligation under which the sureties may, upon default of their principal, become liable to pay money to another, and in such event they are, within the statutory definition of the term, debtors, whether such liability is certain or merely contingent. Comp. Laws, § 4651. "An action upon a contract, obligation or liability, express or implied," must be commenced within six years. *Id.* § 4850.

A careful examination of all the remaining assignments of error relating to the rulings of the court upon questions of evidence discloses no error. The point that the court modified an instruction proposed by appellants, and in such form gave it to the jury as coming from them, is not, as a matter of fact, sustained by the record; and, as a matter of law, the charge of the court to the jury properly covered every question in the case,

and it was not error to mark "Refused" certain requests made by counsel for appellants. Obviously, a fair trial resulted in a just conclusion, and the judgment appealed from is affirmed.