## TAFT *v.* PULLEN.

BENEFIT SOCIETIES—ASSESSMENT BY RECEIVER—EVIDENCE.

Where, in an action by the receiver of an insolvent mutual benefit society to collect an assessment made by the receiver against the defendant, no evidence is introduced to show the character of the suit in which the receiver was appointed, or that the court acquired jurisdiction of the company or the defendant, or that defendant was a member of the society, or that any notice of the assessment had been served on him, a verdict should be directed for defendant.

Error to Berrien; Coolidge, J. Submitted April 22, 1902. (Docket No. 105.) Decided May 19, 1902.

*Assumpsit* by Harvey C. Taft, receiver of the Masonic Life Association, against George Pullen, to recover an assessment. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Rood & Hindman*, for appellant.

*N. A. Hamilton* (*George M. Valentine*, of counsel), for appellee,

HOOKER, C. J. This was an action brought to collect on an assessment made by order of the court by a receiver against a member of an insolvent mutual benefit society.

The learned circuit judge directed a verdict for the defendant, and the plaintiff has brought error. All of the testimony introduced upon the trial is incorporated in the bill of exceptions, and the only question raised is whether it was sufficient to make a *prima facie* case. No testimony was introduced on the part of the defendant.

The substance of the testimony was as follows: The plaintiff testified that he was appointed and acted as receiver for the company, and in obedience to an order of the circuit court in chancery he made the assessment in question, which he introduced in evidence. A paper purporting to be a certified copy of the order of the circuit court in chancery was also introduced. There was no evidence showing that the court ever acquired jurisdiction of the defendant or the company, nor were the pleadings introduced by which the character of the suit in which the order purports to have been made can be determined. There was no evidence offered, aside from that contained in the order, that the defendant was a member of the company, or that any notice of the assessment had ever been served upon him. Under these circumstances the court could not have done otherwise than direct a verdict for the defendant. *Kenyon* v. *Baker*, 16 Mich. 373 (97 Am. Dec. 158); *Goodrich* v. *Burdick*, 26 Mich. 40; *People* v. *Mersereau*, 74 Mich. 687 (42 N. W. 153).

The judgment is affirmed.

MOORE and GRANT, JJ., concurred. LONG and MONTGOMERY, JJ., did not sit.