### WILSON & CO. *v.* FRANZ.

1. SHERIFFS — JAIL-LIMITS BOND — FORFEITURE — ACTION AGAINST SHERIFF—STATUTES.

Under 3 Comp. Laws 1915, § 13000 *et seq.*, where a jail-limits bond is forfeited by the one in custody going beyond the limits of the county, an action may be maintained by the party in interest against the sheriff, or the plaintiff may take an assignment of the bond and maintain an action thereon to recover his damages.

2. PARTIES—TRANSFER OF CLAIM—PLEA IN ABATEMENT—COLLATERAL ISSUE.

Where, pending the original suit on its claim, plaintiff corporation became merged in another corporation, to which the claim was transferred, and no objection was thereafter raised in said suit that plaintiff had transferred said claim, and judgment followed, it cannot now be raised in a collateral proceeding.

Error to Berrien; White, J.  Submitted April 30, 1919.  (Docket No. 84.)  Decided July 17, 1919.

Case by Wilson & Co., Inc., against Fred C. Franz, sheriff of Berrien county, for permitting a judgment debtor to escape jail limits.  Judgment for plaintiff. Defendant brings error.  Affirmed.

*John J. Sterling* (*George W. Bridgman,* of counsel), for appellant.

*Cady & Andrews,* for appellee.

BIRD, C. J.  In July, 1910, Schwarzchild & Sulzberger, wholesalers of meats in the city of Chicago, began an action of tort in the Berrien circuit court against one Edward Cryan.  This resulted in a judgment for plaintiff in January, 1913, in the sum of $1,138.12. In March following an execution against the goods and chattels of Cryan was issued, but was later returned unsatisfied.  Following this a writ of *capias ad satisfaciendum* was issued and Cryan was taken into custody by defendant, who was, at that time, sheriff of Berrien county.  Cryan gave a jail-limits bond to the sheriff.  In October, 1916, Cryan forfeited his bond by going out of the county of Berrien and into the State of Indiana, and this suit was then commenced by plaintiff to recover against the defendant for permitting Cryan to escape the jail limits.  The case was heard by the court without a jury and judgment was rendered for plaintiff in the sum of $1,441.62.

1. The point is raised that inasmuch as Cryan gave a jail-limits bond the plaintiff cannot maintain a suit against the sheriff for the escape of Cryan, but is limited in its remedy to an action on the bond.  A study of the several sections of the statute, prescribing the mode of procedure in such cases, leads to the conclusion that when a jail-limits bond is forfeited, by the

one in custody going beyond the limits of the county, an action may be maintained by the plaintiff or party in interest against the sheriff, or the plaintiff may take an assignment of the bond and maintain an action thereon to recover his damages. 3 Comp. Laws 1915, § 13000 *et seq.* These statutes recognize the right of action against the sheriff in many sections, and there is nothing therein to indicate that such right has been abridged by the provision that the plaintiff, or party in interest, may take an assignment of the bond. Section 13017 provides that if the plaintiff, or party in interest, accepts an assignment of the bond, it shall be a bar to any action against the sheriff. The inference from this is that the acceptance of the bond is optional with the plaintiff. We are persuaded that the trial court was in no error in holding that the suit was maintainable against the defendant.

2. It is further contended by defendant that inasmuch as the original suit was commenced in the name of the corporation known as Schwarzchild & Sulzberger Company, and that during the pendency of the suit this company became merged in a corporation known as Sulzberger & Sons Company, such merger in effect destroyed the plaintiff corporation and thereafter it ceased to exist, and as a consequence thereof the suit abated. It appears from the testimony that the assets of the Schwarzchild & Sulzberger Company were transferred to its successor, known as Sulzberger & Sons Company, and that subsequently the name of that corporation was changed to Wilson & Co., Inc. The argument is made that when the Schwarzchild & Sulzberger Company was merged with the Sulzberger & Sons Company, the cause of action was destroyed. We cannot agree with this. It was an existing claim owned by one company and transferred to another, which latter company afterward changed its name. When counsel for Schwarzchild & Sulzberger Com-

pany attempted to take judgment against the defendant, had defendant's counsel called the fact to the attention of the court that plaintiff had transferred its assets to Sulzberger & Sons Company, the suit might, and probably would, have been abated, but not having done so, and judgment having followed, proof that that judgment was owned by the plaintiff would authorize proceedings on the judgment by the plaintiff. *Swartwout* v. *Railroad Co.*, 24 Mich. 404. In this case it was observed that:

"It is also objected that this suit could not be maintained, because pending it, the plaintiff consolidated with another company, and thereby ceased to exist. As, however, the cause of action did not die, but passed to the new company, this, if a valid objection in any form, should be considered matter in abatement merely; and, if so, it should have been pleaded *puis darrein*. If it had been so pleaded, perhaps the suit might have proceeded on the proper suggestion being made."

Inasmuch as no objection was raised in that suit, that no proper plaintiff was named, it cannot now be questioned in a collateral proceeding.

We are of the opinion that the conclusions of fact and law reached by the court are justified by the record. The judgment will be affirmed.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.