SCHWARTZ *v.* GOLNER.

1. EXECUTION—BREACH OF JAIL-LIMITS BOND—FORFEITURE.

Breach of the provisions of a jail-limits bond given to the sheriff under 3 Comp. Laws 1915, § 13001, by a judgment debtor imprisoned by reason of a *capias ad satisfaciendum,* worked a forfeiture thereof.

2. SAME—ASSIGNMENT OF BOND—ACTION MAY BE MAINTAINED ON SUBSEQUENT BREACH.

Where a judgment debtor, by leaving the county, breached a jail-limits bond given by him to the sheriff, and the latter thereafter assigned the bond to the judgment creditors, the assignment was valid, and the assignees could maintain an action thereon for another breach occurring after the assignment (3 Comp. Laws 1915, § 13003 *et seq.*).

Error to Monroe; Root (Jesse H.), J. Submitted February 1, 1929. (Docket No. 41, Calendar No. 33,482.) Decided March 28, 1929.

Assumpsit by Mike Schwartz and another against J. C. Golner, principal, and the United States Fidelity & Guaranty Company of Baltimore, Maryland, on a statutory bond. Judgment for plaintiffs on a directed verdict. Defendant surety brings error. Affirmed.

*Earl Lovejoy,* for appellant.

*Edgar G. Gordon (Clayton C. Golden,* of counsel), for appellees.

NORTH, C. J. The defendant, J. C. Golner, having been committed to jail by reason of a *capias ad satis-*

*faciendum* issued at the instance of the plaintiffs herein, gave a jail-limits bond to the sheriff of Monroe county in the penal sum of $2,500. The United States Fidelity & Guaranty Company of Baltimore, Maryland, was surety on the bond. Thereafter, on to wit May 1, 1924, and on May 10, 1924, Golner breached his bond by leaving the county of Monroe and State of Michigan. This breach worked a forfeiture of the bond. *Kruse* v. *Kingsbury,* 102 Mich. 100. In accordance with the statutory provision, the sheriff duly assigned the bond to the plaintiffs May 28, 1924. Suit was brought upon the bond but this action was dismissed April 10, 1926, for want of prosecution. Presumably this was without prejudice because the statute so provides. 3 Comp. Laws 1915, § 12574. On April 12, 1926, Golner again breached the terms of his bond by departing from Monroe county without assent of the plaintiffs and before his return this suit was instituted based upon such breach and forfeiture. The plaintiffs had judgment in the sum of $1,115.02; and the surety reviews by writ of error.

There are two assignments of error. They present appellant's claim that there was no valid assignment of the bond to the plaintiffs. This contention is based upon the fact that the assignment of the bond to the plaintiffs antedated the breach of the bond for which this suit was brought. The appellant asserts there could be no valid assignment of the bond before the occurrence of the breach thereof in consequence of which suit was brought. The appellees' position is thus stated in their brief:

"No right of action on the bond accrues until a breach of it. Once a breach occurs the real party or parties in interest, at whose instance the judgment debtor was put under civil arrest, may elect to take

an assignment of the bond and to sue upon that breach or any subsequent or continuing breach thereof.''

Appellees' interpretation of the law was accepted by the trial court, and in this there was no error. The bond is required by the statute both for the protection of the sheriff and the judgment creditor. In part the provisions of the Compiled Laws of 1915 are as follows:

''(13003) Every such bond taken for the liberties of any jail, shall be valid, and shall be held for the indemnity of the sheriff taking the same, and of the party at whose suit the prisoner executing such bond shall be confined.

''(13007) * * * in case any such prisoner shall go at large without the jail limits of such county without the assent of the party at whose suit such prisoner shall be in custody, the same shall be deemed an escape and forfeiture of the bond so executed, * * *

''(13015) If any such bond shall be forfeited, the party at whose suit the prisoner executing the same shall have been confined, or in case of his death, the executors or administrators of such party, shall be entitled to an assignment thereof, * * *

''(13016) The party to whom such assignment shall have been made, may maintain an action on such bond as assignee of the sheriff taking the same, in the same cases in which such action might be maintained by such sheriff. * * *

''(13017) The acceptance of an assignment of any such bond, shall be a bar to any action by or on behalf of the party receiving such assignment, against the sheriff or other officer making the same, for any escape by the prisoner executing such bond, amounting to a breach of such bond.''

The appellant does not question that the sheriff had the right to bring suit; nor could that right be

successfully questioned. No prejudice resulted to either of the defendants because the suit was brought by the assignees. No authority is cited to sustain appellant's contention that the assignment of the bond before the particular breach in consequence of which the suit is brought was premature and the assignment thereby rendered invalid. We find no merit in this contention. Golner had breached his bond twice before it was assigned by the sheriff to the plaintiffs. Subsequently he breached it a third time. A further assignment by the sheriff to the plaintiffs would not have benefited the defendants. Having once assigned the bond, the sheriff, or his successor in office, might well have declined to be a party to a later assignment, since the first assignment was valid and resulted in releasing the sheriff from further liability to the plaintiffs as the actual or constructive custodian of the defendant.

"Section 13017 provides that if the plaintiff, or party in interest, accepts an assignment of the bond, it shall be a bar to any action against the sheriff. The inference from this is that the acceptance of a bond is optional with the plaintiff." *Wilson & Co.* v. *Franz,* 206 Mich. 581.

As assignees of the bond the plaintiffs possessed the right to declare upon any breach thereof which worked a forfeiture before suit was instituted. The assignment of the bond to the plaintiffs was in accordance with the statutory provision.

The judgment of the lower court is affirmed.

Fead, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.