# AMERICAN SURETY CO. OF NEW YORK v. VAN GILDER.

## No. 8579.

Circuit Court of Appeals, Sixth Circuit.

Nov. 6, 1940.

Clayton F. Jennings, of Lansing, Mich. (Shields, Ballard, Jennings & Taber, of Lansing, Mich., on the brief), for appellant.

Russell A. Searl, of Lansing, Mich. (Plummer Snyder, Russell A. Searl, and Marshall, Searl & Dean, all of Lansing, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

This appeal, as that in Optner v. Bolger, 6 Cir., 95 F.2d 241, involves the consequences under Michigan statute law of an escape from the jail limits of a judgment debtor released from the custody of a sheriff under a jail limits bond. As in the Optner case, the problem is one of first impression.

The plaintiff and appellee is the judgment creditor of ·one Sturgis, who was taken into custody under an alias writ of capias ad satisfaciendum, by the sheriff of Clinton County, and by the sheriff released upon the furnishing of a jail limits bond, pursuant to Sections 14729 to 14732, inclusive, C. L. of Mich. 1929, as amended, Pub.Acts 1933, No. 213. Years later, Sturgis was found· in the City of Charlotte, Michigan, outside the jail limits of the county of Clinton, without the appellee's consent, and before his return thereto, suit was brought against the sheriff pursuant to Sections 14736 to 14738, inclusive. It resulted after appeal in a judgment against the sheriff. Following its entry, the appellee instituted suit against the appellant as surety upon the sheriff's statutory bond to recover as damages the amount of the judgment. The suit was removed to the court below where, upon joinder of issue and motions for summary judgment by both plaintiff and defendant, a judgment was entered upon the plaintiff's motion for an amount equal to the face of the state court judgment against the sheriff. The creditor sought no relief against the sureties on the jail limits bond nor an assignment thereof, to which he had a right under the statutes.

The official bond executed by the appellant as surety for the sheriff is in the form required by Section 1324, C. L. of Mich. 1929, conditioned upon the sheriff well and faithfully performing and executing his

office during the term for which he was elected, without fraud, deceit, or oppression, and conditioned upon his paying over all monies that may come into his hands as sheriff.

The statutes of Michigan (Sections 14729–14732) provide that every person in the custody of the sheriff by virtue of any execution in a civil action shall be entitled to the liberty of the jail limits which are co-extensive with the limits of the county, upon executing a bond to the sheriff with one or more sufficient sureties, and a penalty not less than double the amount of a judgment docketed against him, that such bond shall be conditioned that the person in custody of the sheriff shall not, at any time, or in any manner, escape or go without the jail limits of the county until legally discharged, and that the bond shall be held for the indemnity of the sheriff and of the party at whose suit the person executing the bond is confined.

It is not contended that the sheriff in any wise failed to comply with the statutes in releasing Sturgis upon the jail limits bond; that the bond was in any respect invalid; or the sureties thereon inadequate; nor is it contended that discretion was lodged in the sheriff to refuse to release the judgment debtor to the jail limits upon the furnishing of the bond. The appellee rests his case in defense of the judgment below entirely upon the provisions of Section 14752, C. L. 1929, which reads as follows: "If any prisoner committed to any jail, in an execution in a civil action, or upon an attachment for the non-payment of costs, shall go or be at large without the jail limits of the county in which he shall have been imprisoned, without the assent of the party at whose suit such prisoner shall have been committed, the same shall be deemed an escape of such prisoner, and the sheriff having charge of such jail shall be answerable therefor to such party for the debt, damages, or sum of money for which such prisoner was committed, to be recovered in an action of assumpsit or of trespass on the case."

The District Judge, concluding that the law had been established by the Supreme Court of the State of Michigan that the surety upon a sheriff's official bond is liable to all persons unlawfully injured by nonfeasance, misfeasance, or malfeasance, perpetrated by the sheriff either by virtue of his office or under color of his office, and assuming that the judgment of the Circuit

Court against the sheriff at the suit of the appellee, without more, established such nonfeasance, misfeasance, or malfeasance by the sheriff, entered judgment in reliance upon Kosowsky v. Fidelity & Deposit Co., 245 Mich. 266, 222 N.W. 153; Bostatter v. Hinchman, 243 Mich. 589, 220 N.W. 775; Norris v. Mersereau, 74 Mich. 687, 42 N.W. 153.

The question here involved as we conceive it, is whether the surety upon a sheriff's official bond is liable to a judgment creditor for the escape of an imprisoned debtor at large within the jail limits under a jail limits bond when there has been neither assertion nor proof of actual failure of official duty on the part of the sheriff, and breach of duty is to be inferred only from the fact that Section 14752 imposes a liability upon the sheriff for what the statute deems to be an escape. The cases relied upon do not reach the question. While in Norris v. Mersereau, supra, it is held that a judgment against the sheriff is prima facie evidence of the liability of his surety upon his official bond, yet notwithstanding such holding, the court, in each of the cases, inquired into the nature of the acts complained of and determined their character as acts of nonfeasance, misfeasance, or malfeasance, attributable to the sheriff and sustaining the judgment against him, and within the covenant of indemnity undertaken by the surety.

The instant case presents a different situation. The sheriff is obligated, by statute, to permit the prisoner the liberty of the jail limits upon the furnishing of a proper bond. The bond specifically indemnifies the sheriff against loss by reason of his statutory liability for an escape. By Section 14732, Michigan is held to have adopted the rule of the common law that nothing but the Act of God or the enemies of the country will excuse the sheriff for an escape, Smith, Sturgeon & Co. v. Grosslight, 123 Mich. 87, 81 N.W. 975. But the surety on the sheriff's official bond did not contract to indemnify anyone for an escape except as such escape might be due to some breach of the obligation of the sheriff to well and faithfully perform and execute the duties of his office. It cannot be said that compliance with law that requires the sheriff to permit a prisoner to be at large upon a jail limits bond is a breach of the covenant of the official bond, and none other is asserted. Section 14752 is not to be read into the official bond be-

cause it has no relation to the statutory requirement of an official bond. It relates but to the liability of the sheriff to the judgment creditor, and the indemnifying of the sheriff for loss by the prisoner's surety when there is an escape from the jail limits with or without fault of the sheriff. The provision creating liability for an escape is included in the section dealing exclusively with the forfeiture of jail limits bonds.

 The Michigan court has repeatedly pointed out that the custody of a prisoner within the jail limits is not the custody of the sheriff, but the custody of his sureties, Smith, Sturgeon & Co. v. Grosslight, supra; Kruse v. Kingsbury, 102 Mich. 100, 60 N.W. 443; Wilson & Co. v. Franz, 206 Mich. 581, 173 N.W. 541, saying in the first of the cited cases: "His sureties undertook, by executing the bond, to keep him within the jail limits. He was as much within the custody of the sureties on the bond as he would have been in the custody of the sheriff had he remained in jail. The jail limits bond is, in effect, a substitute for the custody of the sheriff." [123 Mich. 87, 81 N.W. 976.] The appellee must look to it for relief, and the statute as indicated, provides for its assignment.

The judgment below is reversed.