STATE EX REL. CARTER and others, Petitioners, vs. GRAASS, Circuit Judge, Respondent.

*April 12—May 7, 1940.*

For the petitioners there was a brief by *Classon & Ballman* of Green Bay, attorneys for Lester A. Carter and Leo Samz, and *Earl J. Plantz* of Antigo, attorney for the Massachusetts

Bonding & Insurance Company, and *Allan V. Classon* of counsel, and oral argument by *Mr. Classon* and *Mr. Plantz*. *A. B. Fontaine* of Green Bay, for the respondent.

FAIRCHILD, J.  The chairman of the county board is bound "to prosecute or cause to be prosecuted" in the name of the county a cause of action for damages on an official bond as provided in sec. 19.015, Stats., and a majority of the county board cannot by the adoption of a resolution compel him to dismiss the action he has begun against officers who may have been delinquent and their sureties.

County boards have been intrusted with a considerable proportion of the responsibility for managing the affairs of a county, but actions on official bonds are the subject of special legislation.  The law provides that whenever a county is entitled to recover damages, money, penalty, or forfeiture on an official bond, it shall be the duty of the county chairman to institute and prosecute the necessary action in the name of the county against such officer and his surety.  The question as to the county chairman's authority to prosecute the action now pending in the circuit court arises because of the effort on the part of the county board of Forest county to dismiss the case and "compromise" for one dollar the claims being sued on.

The facts are that Forest county is a municipal corporation; that Clyde A. Spencer is chairman of the board of supervisors of that county and is prosecuting the action against certain officers and their surety; that the complaint alleges that the defendants Lester A. Carter and Leo Samz are officers of Forest county, and that the defendant Massachusetts Bonding & Insurance Company is their surety; that the said officers failed in certain particulars to comply with the duties of their office which resulted in a liability to the county on their part and on the part of their surety.  The complaint sets forth the particulars in which the alleged failures occurred; that these failures or delinquencies resulted in

a loss to the county of a large sum of money, to wit, $30,742.18, and prayed for judgment against defendants for the amounts for which they may be held legally liable and against their surety to the extent that it indemnified the faithful discharge of those duties.

The resolution of the county board directing the dismissal of the action was adopted by a majority vote, and a motion based thereon was made to the court to dismiss the complaint. This motion was opposed by the chairman of the county board and the attorney for the county, who had been appointed to prosecute the action. The purported stipulation for dismissal which was presented to the circuit court upon the motion to dismiss reads, in part, as follows:

"It is hereby stipulated and agreed, in accordance with resolutions passed by the county board of Forest county, . . . through its finance committee as authorized and directed . . . that the above-entitled actions shall be dismissed on the merits, without costs to any or either of the parties hereto."

The stipulation is signed "Forest County, by Finance Committee, Frank J. Flanner, Chairman; W. A. Wescott, attorney for the defendants, . . . and Earl J. Plantz, attorney for Massachusetts Bonding & Insurance Company." Only one member of the finance committee, its chairman, signed the so-called stipulation.

It appears that a majority of the county board favors discontinuance of the prosecution; that a minority is opposed to the dismissal; and that the chairman deems it his duty to continue the prosecution of the case until judgment is entered. So the question is whether the authority to determine the course to be pursued lies in the chairman alone or in the board as a whole.

The trial court was of the opinion that sec. 19.015, Stats., places that authority under the circumstances here existing, in the county chairman. The reasoning of the decision is the same as has been followed in like matters by courts for many years. The authority now claimed by the chairman of the

county board has long been recognized, and it has always been regarded as of great importance.

Sec. 59.07 (6), Stats., provides that it is one of the general powers of a county board to represent the county and have charge of county property and county business in all cases "where no other provision is made." This is a case where another provision does exist so that the general-power provision is supplanted under its own terms. The specific statute (sec. 19.015) giving the chairman of the county board the power to sue in the name of the county to recover on the official bond of a county officer, is controlling. That section definitely names the board chairman as the one to prosecute all actions against a county officer giving an official bond and his surety when there is a default on the part of such officer.

The course of action described by the statute must be followed in enforcing that remedy. There is no conflict between the duties fixed upon the chairman and the control of county matters by the county board. As pointed out by the court in *Washburn County v. Thompson,* 99 Wis. 585, 595, 75 N. W. 309, under this section it is the duty of the chairman of the county board to prosecute the claim "and to see that all legal remedies for its collection were exhausted. But beyond that the power to further proceed to collect the claim rested wholly with the county board if any power in that regard existed at all."

We are of the opinion that the ruling below was correct. *Forest County v. United Surety Co.* 149 Wis. 323, 136 N. W. 335.

*By the Court.*—Writ denied.